ROBERT RIDGELY vs. MICHAEL IGLEHART, *December*, 1833.

The real estate of W not admitting of division, was sold by commissioners under the act of 1820, *ch. 191*. One of the heirs of law became the purchaser, and not paying his bond for the purchase money, was sued by another of the heirs, who obtained judgment at law and sold the land. A third heir who had not been paid, now filed his bill to enforce the lien for his portion of the proceeds, under the act of 1820. This bill was against the purchaser alone.—HELD, that the court had jurisdiction to enforce this lien; that the bond given under the act of 1820, need not be sued upon; that all the heirs of W were interested, and should be made parties; and to make proper parties the cause must be remanded to Chancery.

APPEAL from the court of Chancery.

The present bill was filed by the appellant, on the 20th of November, 1831, and the case made by it is sufficiently stated by the learned judge who delivered the opinion of this court.

The appellee demurred specially. 1. That the bill contained no matter of equity whereon a decree could be grounded, or upon which any relief could be granted against the defendant. 2. That if the matters stated, do give the complainant any cause of complaint or action against the defendant, the same is triable, and determinable at law, and ought not to be inquired of by this court. 3. That the State of *Maryland* is, by the complainant's own showing, a proper and necessary party to any suit or action in this court, touching the matters alleged in the bill; and that the heirs at law of *William Ridgely* in said bill named, are likewise proper and necessary parties thereto.

*Bland*, Chancellor, at July term, 1832, dismissed the bill with costs, and thereupon the complainant brought the record by appeal to this court.

The cause came on to be argued before BUCHANAN, Ch. J., and EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*Boyle*, for the appellant, contended,

1. That the claim of the complainant constituted a lien on the land in question, which a court of Chancery would enforce. He referred to the acts of 1802, *ch*. 94, *sec*. 2; 1820, *ch*. 191, *sec*. 20, 21, 22. 4 *Gill and Johns*. 480.

2. That the objection as to the want of parties was not well taken. The State of *Maryland* has no possible interest in the subject of the controversy, and therefore need not have been before the court, and as each of the heirs of *William Ridgely* have distinct and separate interests, there is no necessity for uniting them in the same suit. If, however, they should be considered as necessary parties, this court may send the case back to have the proper parties made. *Act of* 1818, *ch*. 193, *sec*. 14. 1832, *ch*. 302, *sec*. 6.

*Alexander*, for the appellee.

1. Before the complainant can proceed to recover any part of the money, he should have procured from the court in which the proceedings of the sale of the land took place, an order, directing a certain proportion of the money to be paid to him, as otherwise the court in which he sues cannot know how much he ought to recover. The court in which the proceeding originated had the jurisdiction, and chancery could not interfere. *Brown vs. Wallace*, 4 *Gill and Johns*. 509.

2. The cause of action, if one existed at all, was a legal, and not an equitable one. The lien spoken of in the act is a legal one merely. When the bond was given, the equitable lien was gone. *Richardson vs. Jones*, 3 *Gill and Johns*. 163.

3. It was necessary to have made the State a party. The State is a trustee for the benefit of the parties concerned, and the act directs, that a suit at law may be brought in the name of the State for their use. If a suit may be brought in Chancery upon the bond, the name of the State must be used.

4. The heirs at law of *Ridgely*, the intestate, were likewise necessary parties, and more especially *Reuben Ridgely*, under whom *Iglehart* purchased; as he stands in the relation of a surety to him, and had a right to have him before the court to aid in the defence, and to have by the same decree a remedy against him, if he (*Iglehart*) should be compelled to pay the money. But the proceeding being intended to affect the subject of the incumbrance, it was indispensable that all the incumbrances should be before the court. 1 *Cox*, 352. 1 *Simons and Stewart*, 105. 6 *Johns. Ch. R.* 450. 1 *Peters' Con. Rep.* 215.

BUCHANAN, Ch. J., delivered the opinion of the court.

*Reuben Ridgely*, one of the heirs at law of *William Ridgely*, deceased, having purchased from the commissioners appointed under the act of 1820, *ch.* 191, relative to descents, the real estate of *William Ridgely*, which would not admit of division, and having given his bond to the State pursuant to the provisions of the act, conditioned for the payment to the other heirs of their respective proportions of the purchase money, the land was afterwards sold under a judgment at law obtained against him upon his bond, for the payment of the portion of one of the heirs; and this bill was filed by another of the heirs of *William Ridgely*, against the purchaser alone under the judgment, to subject the same land to sale for the payment of his proportion, and was dismissed by the Chancellor.

On the part of the appellee it has been contended, that there is no cause of action, no order appearing by the court, in which the proceedings were had for a division of the estate, designating the proportions of the amount for which the estate was sold, to which the heirs were respectively entitled. But that objection is rather too technical and attenuated.

It is not very clear, that the words in the 22d *sec.* of the act of 1820, *ch.* 191, "agreeably to the order of the court," were intended to relate to the proportions, to which each of the heirs might be entitled; but may have been intended to

be applied to the giving a bond to the State, instead of one to each of the heirs, which, by the same section is authorised to be done under the direction of the court.

But admitting it to be otherwise, such an order may have been made by the court, and would be proper evidence before the auditor in stating an account between the parties; and if no such order was given, no injury could accrue to the party, since the proceedings under the petition for a division of the estate shows the amount for which the land was sold, and to be divided between the several heirs. And if the expenses allowed by the county court, attending the proceedings under the petition, were paid by the appellee, he would be allowed for them in an account taken by the auditor.

Chancery would never suffer the mere absence of such an order, as is supposed to be necessary, to work so serious a mischief, as the destruction of the obligation of the bond, where no injury can arise to the party from the omission of it.

The supposition that the State should have been made a party has no better foundation. The State has no manner of interest in the matter. A suit at law upon the bond would necessarily be in the name of the State for the use of the party prosecuting the action. But by the act of Assembly under which the bond was given, it is declared to be a lien upon the land; and this is a proceeding not upon the bond, but a proceeding *in rem* to enforce the lien created by the act.

It is however, contended, that the action should have been at law upon the bond, and that the remedy at law must be exhausted before recourse can be had to the land. But that is entirely a mistake; the purchase money for which the bond was given, is made by the act of Assembly a specific lien on the land; as much so as if a mortgage had been given on the land for the money intended to be secured by the bond; and a party entitled to a proportion of that money, has his election to prosecute either his remedy

at law upon the bond, or to go into equity to enforce his lien on the land; as much so as in the ordinary case of a bond for the payment of money, accompanied by a mortgage of land as a collateral security.

And the circumstance, that in this case the land has passed into the hands of a sub-purchaser, makes no difference; he purchased it subject to the lien, and may have regulated his price accordingly. A court of Chancery will not turn from its door, a party coming to have enforced his lien so expressly created, merely to drive him to proceedings at law against a security; which may prove fruitless, and lead to vexatious and useless circuity of action.

The solicitor for the appellee has invoked the aid of *Richardson vs. Jones*, 3 *Gill and Johns.* 163, to sustain him on the ground upon which he has planted himself. But if he had examined that case with his accustomed accuracy, he would have found it to advance no such principle. The doctrine of that case is, that when a purchaser at a trustee's sale has completed his purchase, and complied with the terms of sale by giving his bond as required by the order of sale, the payment of it cannot be enforced in Chancery in a summary way by an order to bring the money into court; nor by a bill in Chancery to enforce the specific performance of it, as a mere bond for the payment of money. But that the remedy on the bond as such is by a suit at law. But there is no intimation that, in such a case as the present, there may not be proceedings in Chancery against the land to enforce the equitable lien, without first going into law on the bond.

Ths objection to the want of proper parties is better taken. It is a general rule in Chancery, that all persons having an interest in the subject matter of the suit, should be brought before the court, in order that a termination may be put to all controversy in relation to their different rights by one suit, if it can be done.

In this case all the heirs of *William Ridgely*, deceased, are interested, and should be made parties, to prevent de-

ception and embarrassment to purchasers, by the extent of the liens being made known by the pleadings; and also to prevent a sacrifice piecemeal of the property, by sale after sale, under separate and distinct proceedings by the several heirs, with a great and ruinous accumulation of costs; and that there may be a decree upon the whole case, as far as it can be done, settling the rights of all who are interested.

THE CAUSE THEREFORE WILL BE REMANDED TO
THE COURT OF CHANCERY.