# RICHARD C. WARFORD *vs.* REGNEAR VAN SICKLE and others.

The awarding of issues by the orphans court upon a caveat to a will, substantially the same as those previously granted upon the application of other parties, is a void act and of no effect.

APPEAL from the Orphans Court of Baltimore city.

The appeal in this case was taken from an order of the orphans court, awarding issues upon the application of the appellees. The facts of this case are the same as those of the preceding case, except that in the record in this case the issues, six in number, awarded upon the caveat of the appellees, which was filed on the 29th of October 1853, are set out, and are in substance as follows:

1st. Was Rachel Colvin, at the time of executing the will of the 6th of April 1848, of sound and disposing mind and capable of executing a valid deed or contract?

2nd. Was she at or before that time urged to execute the same by importunities, which she was too weak to resist, and under circumstances which did not leave her free in relation to the disposition of her estate?

3rd. Was she at or before that time urged to execute the same by undue influence which she was too weak to resist? &c.

4th. Was the said paper and the execution thereof, the free voluntary act of the said Rachel, to which she was induced with a knowlege of the contents thereof, and without the exercise of the dominion and influence of some person or persons, which prevented the exercise of a sound discretion?

5th. Was said paper and the execution thereof, procured by undue influence, fraudulent devices, misrepresentations, and deceits practiced upon and to her by some person or persons?

6th. Was she at any time subsequent to the execution of said paper, desirous of altering or cancelling the same, and was she prevented therefrom by the management, fraud, undue influence or importunities of some person or persons?

The cause was argued before LE GRAND, C. J., ECCLE-STON and TUCK, J.

*George W. Brown* for the appellant.

1st. The orphans court having sent issues on both wills, all the questions raised by these issues were submitted to another tribunal, and a verdict thereon when rendered by the jury and returned to the orphans court, will be conclusive and binding upon all the world. *Dorsey's Testamentary Law*, 14, 50, 51, 97. 5 *Gill*, 204. 3 *Md. Rep.*, 462. The orphans court discharged itself of the case as soon as it passed and sent the first issues. If the issues asked by the appellees were properly granted, they may be sent to different tribunals, tried at different times, and different verdicts rendered. What would be the result in such a case? Which verdict is the orphans court to give their judgment upon? The truth is, proceedings upon a will are in the nature of proceedings *in rem*, and every person is bound to take notice of them.

2nd. If the appellees wished to become parties to the issues previously sent out, they should have applied in a proper time and manner, and having delayed until more than five months have elapsed, since the first were granted and sent, they cannot take advantage of their own negligence, and require the court to grant new issues. Or they should have appealed from the order granting the first issues. *Dorsey's Testamentary Law*, 15. 10 *G. & J.*, 366. 1 *H. & G.*, 9.

3rd. The issues prayed for by appellees are defective, because they raise questions only on the will of 1848, and exclude from the consideration of the jury the will of 1845. *Stride vs. Cooper*, 1 *Eccl. Rep.*, 91. *Sandford vs. Vaughan*, *Ib.*, 28, 30.

4th. The appellees offered no proof of interest in the estate of Rachel Colvin, nor of relationship to her, and are not devisees or legatees in either will, and were, therefore, not entitled, especially at the late period when they appeared in the orphans court, to apply for issues.

*Richard T. Merrick* for the appellees.

The law gives any person the right to *caveat* a will, and on a contest to demand issues, and we have come in and ask to be allowed to assert this right. We have done so in proper time, within twelve months after the will was filed, and within six months after the filing of the caveat, and *before* the rendition of the verdict upon the issues, and before the final judgment of the orphans court upon the will. The only period beyond which parties will not be allowed so to come in and ask for issues, is the rendition of the verdict, and until that time they have such right. Let the race be to those who first get the verdict, and not to those who first get a standing in the orphans court. The act of 1798 says, that *whenever* there is a contest, issues shall upon the application of any party be sent.

The orphans court does not stand to the court of law, where the issues are sent, in the same relation that one county court stands to another in the case of removal of causes. It stands *behind* the court of law, and it alone has the power to render judgment upon the verdict. The orphans court formerly had the power of summoning juries themselves, to try the facts in case of disputes, and the county court juries were merely substituted in the place of those. See 5 *H. & J.*, 176. The object of the awarding of issues, as has been well expressed by this court in 3 *Md. Rep.*, 462, is to enable the orphans court "to advertise itself of the real facts in the case." We insist, therefore, that there was no error in the granting of the issues asked for by us.

LE GRAND, C. J., delivered the opinion of this court.

The facts in this case, with the exception of an additional one, are the same as those of *Pegg, et al., vs. Warford,* decided at this term, *(ante* 385,*)* and the principles recognized in the latter, must govern the decision of this.

It appears from the record, that after the granting of two sets of issues—one at the instance of Pegg and others, and the other at that of Landis and others—on the application of the appel-

lees, the orphans court award a third set, relating to the paper purporting to be the will of Miss Colvin, of date 6th of April, 1848. So far as these are substantially the same, as any of those previously granted, the awarding of them was a void act and of no effect. The reasons for this opinion, we have assigned in the case to which we have referred. We regard the first three issues granted at the instance of the appellees, as substantially the same in their inquiry, as some of those granted at the instance of Pegg and others, and therefore reverse the order of the orphans court, in so far as they are concerned. The other issues were properly granted, and as to them the order of the orphans court is affirmed.

*Order affirmed in part and reversed in part.*