(Decided 15th July, 1879.)

ELIZABETH SUMWALT *vs.* SAMUEL SUMWALT and others.

*Construction of Art. 93, sec. 250, of the Code, relating to the framing of Issues in the Orphans' Court—Province of the Orphans' Court in such Cases—Rule given for the framing of Issues and prohibiting the granting of Several issues raising the same substantial question—Case of issues improperly granted because obnoxious to said rule.*

Sec. 250, of Art. 93, of the Code, requires the Orphans' Court in all cases of controversy therein, if either party require it, to direct an issue or issues to be made up and sent to any Court of law convenient for trying the same. HELD:

1st. That the obvious purpose of this provision is to enable the Orphans' Court to advertise itself of the real facts of the case. These when found by the jury are conclusive upon the Orphans' Court, which has no discretion, but must enter the judgment in conformity with the finding of the jury.

Sumwalt *vs.* Sumwalt, *et al.*

2nd. That in framing issues, it is the duty of the Orphans' Court to present the questions of fact in dispute and to be determined by the jury, in a plain and clear way. There is an obvious impropriety in multiplying the issues unnecessarily, and especially in presenting the same substantial question in two separate and distinct issues.

On a caveat to a will, the first issue granted by the Orphans' Court, presented the question whether the execution of a paper purporting to be the will of S., was "procured by undue influence practised upon him." HELD :

That it was error to grant a second issue presenting the question whether the execution of said paper was obtained from the said S., "by the exercise of a dominion or influence by some person or persons which prevented the exercise of a sound discretion on the part of the said S."

It is not the province of the Orphans' Court to define the nature or degree of influence which will render a will void.

The third issue granted presented the question whether said paper-writing was "revoked after the making and execution thereof." HELD:

1st. That the questions raised by two other issues, as to the effect of certain deeds mentioned therein, and whether they operated to revoke said will, were questions which arose under, and were properly presented by, the third issue; and said issues were improper to be granted.

2nd. That what would be the effect produced by a fraudulent concealment of said will to prevent its being cancelled or destroyed, was a question which could properly be raised under the third issue, and ought not to be made the subject of a further and distinct issue.

APPEAL from the Orphans' Court of Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY, ROBINSON and IRVING, J.

*John V. L Graham* and *Thomas J. McKaig, Jr.*, for the appellant.

The second issue being substantially the same as the first, it is, therefore, calculated to mislead the minds of the jury.

In *Pegg, et al. vs. Warford,* 4 *Md.,* 385, it was held, that "in an appeal from an order of the Orphans' Court, awarding the same issue a second time, this Court would be bound to denounce it as utterly void and as of none effect." And while it is true that, in that case, the question was, whether a second set of caveators had a right to require the sending to a Court of law of the same issue previously granted to another set of caveators, the application of the principle in this case differs only in degree. The danger of two different juries finding different verdicts on the same issue is simply greater than that the same jury will find different verdicts on the same issue, differently expressed and twice submitted to them.

*Importunity* or *undue influence* is a legal term, and its proper definition or degree thereof sufficient to invalidate a will, is alone within the province of the Court to determine. It was simply because the Orphans' Courts of this State are rarely, if ever, composed of Judges learned in the law, that the General Assembly enacted section 250, Art. 93, of the Code, requiring this Court "in all cases of controversy therein, if either party required it, to direct an issue or issues to be made up and sent to any *Court of Law* convenient for trying the same." It would therefore be a most anomalous proceeding on the part of the Orphans' Court, in framing the issue to be sent to the Court of Law, to decide in advance possibly the most important and vital question of law involved in the trial of the issue. We would then have, in a majority of cases, not only the danger but the certainty of the Orphans' Court fixing in the issue one standard or degree of undue influence sufficient to invalidate a will, and the

Court of law to which the issue is sent, establishing another and quite a different one at the trial.

But conceding for the sake of the argument, that the Orphans' Court possesses this right, then it is certainly incumbent on it to define properly and correctly the degree of importunity or undue influence requisite to invalidate a will—and this the Orphans' Court, in this second issue, has utterly failed to do.

In Maryland, the law is now settled by an unbroken current of decisions that " the influence to vitiate a will must be an unlawful influence and exerted to such a degree as to amount to *force or coercion, destroying free agency and tantamount to force or fear."* *Higgins, et al. vs. Carlton and Scaggs,* 28 *Md.*, 118; *Tyson, et al. vs. Tyson, Ex.,* 37 *Md.*, 588; *Wittman and Wife, et al. vs. Goodhand, Adm'x,* 26 *Md.*, 95 ; *Davis vs. Calvert,* 5 *G. & J.*, 302; 2 *Greenleaf on Evidence, sec.* 688, and cases there cited; 1 *Jarman on Wills,* 123.

The " prevention of the exercise of a sound discretion," the definitive words used in this second issue, are therefore very far from expressing the decree of importunity or undue influence requisite to vitiate the last will and testament of David S. Sumwalt ; and for the caveatee to go into the trial of this issue upon such a definition of undue influence, would simply be an abandonment on her part of the protection afforded her by the principle established by the Court of Appeals in the above cited cases.

The caveators' sixth issue is simply an immaterial and irrelevant issue, and for that reason should not have been been granted. *Munnikhuysen vs. Magraw,* 35 *Md.*, 280.

The prevention of the testator from revoking his will by the fraudulent concealment of any one, is not sufficient in law to operate as a revocation of his will, and if so found by the jury would not authorize the Orphans' Court to set aside the will. The true principle deduced from all the adjudicated cases in this country and England, is, that

in addition to the *intention* to revoke, there must be the *act* of burning, cancelling, &c., before a revocation under the statute can be effected. *Hise vs. Fonder*, 10 *Ired.*, 139; *Doe dem. Read vs. Harris*, 6 *Adolph & El.*, 209; *Malone vs. Hobbs*, 1 *Rob.*, (*Va.*,) 346; *Runkle vs. Eaton*, 11 *Ind.*, 98; *Boyd vs. Cook*, 3 *Leigh*, (*Va.*,) 32.

*A. W. Machen*, for the appellees.

There seems to be no question brought up on this appeal which has not been concluded by previous decisions, adversely to the contention of the appellant.

In the case of *Warford vs. Van Sickle*, 4 *Md.*, 397, where there was, as here, an appeal from an order granting issues, the issues, six in number, all relating to the will of Rachel Colvin of 6th April, 1848, came under the consideration of the Court of Appeals, and it was expressly held that the last three, that is to say the fourth, fifth and sixth, were properly granted.

The fourth issue in that case is identical with the *second* issue in the present case, and the *sixth* issue in this case is substantially the same as the sixth in that, and exactly the same as the sixth issue relating to Rachel Colvin's will of 1845, which distinctly received the sanction of the Court of Appeals in *Pegg vs. Warford*, 4 *Md.*, 386, 395.

These two are the only issues prayed by the caveators, and granted by the Orphans' Court of Baltimore County, to which any objection was made on the part of the appellant in the Court below, or to which any exception is addressed in the brief of her counsel.

The special objection, that the first and second issues both involve the same general question as to the obtention of the execution of the will of 1850 by improper influence, cannot be allowed any force at this day.

The great case of *Pegg vs. Warford*, 4 *Md.*, 385, contained the same feature, and indeed—more particularly in the issues granted upon the application of *Landis and*

*others,* 4 *Md.,* 387—the very same *combination* of issues which exists here. See also *Warford vs. Van Sickle,* 4 *Md.,* 397.

So far as any opinion was expressed by the Court of Appeals, in the appeal from the instructions at the trial of the issues, in *Pegg vs. Warford,* 7. *Md.,* 582, 609, it strongly indicates that, in this State, the law is, that fraudulent concealment of a will which would otherwise have been cancelled, may be equivalent to a revocation. The point seems to have been conceded by the able counsel of the caveatees. See 7 *Md.,* 602, as to the third exception.

BARTOL, C. J., delivered the opinion of the Court.

This is an appeal from the Orphans' Court of Baltimore County. It appears by the record that David S. Sumwalt died on the 4th day of November 1878, leaving a paper, purporting to be his last will bearing date the 16th day of October 1850.

Before the alleged will was offered for *probate,* Samuel Sumwalt the brother of the deceased filed his petition in the Orphans' Court, alleging that he has been advised that Elizabeth Sumwalt, widow of the deceased, who for the last eighteen years of his life, lived separate and apart from him under a deed or agreement for separation, has threatened to exhibit and propound for probate, a certain paper-writing purporting to be a last will and testament of said David, and the petitioner being desirous of contesting the validity and sufficiency of the alleged testamentary paper, if the same should be offered, filed his caveat thereto, and prayed that it may be inquired and determined whether said paper-writing is in truth and fact the last will and testament of David S. Sumwalt, and (if the same should be found to have been executed by said deceased, which is not admitted,) whether or not the execution of the same was procured by fraud or undue

influence; and also whether or not the said writing was, subsequently to the making thereof, revoked by the said deceased and annulled; and whether or not the said Elizabeth Sumwalt, by fraud and concealment, prevented the said deceased from cancelling the same.

On the 27th day of November 1878, Mrs. Sumwalt, the widow filed in the Orphans' Court, the will of her late husband, devising to her all his estate and property and appointing her executrix.

On the 4th day of December she filed her answer to the petition and caveat of Samuel Sumwalt—alleging that the will was duly executed, and denying that the execution of the same was procured by fraud or undue influence practiced upon the testator, or that the same had been revoked or annulled by him, or that he was in any manner prevented by any fraud or concealment of the respondent from cancelling the same.

On the same day a petition and caveat was filed by Joshua B. Sumwalt and others, next of kin to the deceased, alleging that the said testamentary paper, if it had ever been executed by the deceased, (which the caveators do not admit) had been subsequently wholly revoked and annulled.

A petition was then filed by all the caveators, praying that certain issues proposed by them, should be sent to a Court of law for trial. These issues did not involve the question of the execution of the paper by the deceased. They were as follows:

1st. Was or not the execution of the said paper-writing, dated October 16th 1850, and purporting to be the last will and testament of the said David S. Sumwalt procured by undue influence practiced upon him?

2nd. Was or not the execution of said paper-writing, dated October 16th 1850, obtained from the said David S. Sumwalt, by the exercise of a dominion or influence by some person or persons, which prevented the exercise of a sound discretion, on the part of said David S. Sumwalt?

3rd. Was or not the said paper-writing, dated the 16th day of October 1850, and purporting to be the last will and testament of the said David S. Sumwalt, revoked after the making and execution thereof?

4th. Was or not the said paper-writing, dated October 16th 1850, and purporting to be the last will and testament of David S. Sumwalt, revoked by an indenture dated the third day of October in the year eighteen hundred and sixty, made between the said David S. Sumwalt and Elizabeth Sumwalt, his wife, of the first part, George W. Davis, Trustee, of the second part, and George H. Brice and Charles W. Ridgely of the third part?

5th. Was or not the said paper-writing, purporting to be the last will and testament of the said David S. Sumwalt, dated October 16th 1850, revoked by an indenture dated the fifth day of June, in the year eighteen hundred and fifty-one, made between the said David S. Sumwalt of the first part, and George W. Davis of the other part?

6th. Was or not the said David S. Sumwalt prevented, by the fraudulent concealment by any person or persons, of the said alleged will of him, the said David S. Sumwalt, dated October 16th 1850, from revoking the same, by burning, cancelling or otherwise?

The caveatee objected to the second and sixth issues; and proposed *five* issues in lieu of those suggested by the caveators. Of these the first, second, third and fourth were identical with the first, third, fourth and fifth offered by the caveators.

The caveatee objected to the fifth issue proposed by the caveators as wholly irrelevant and improper; but in the event of this objection not being sustained, she proposed in lieu thereof the following:

5th. Was or not the said David S. Sumwalt prevented from revoking said alleged will, by burning, cancelling, tearing or obliterating the same, by the fraudulent concealment of any person or persons, and if so, was such

fraudulent concealment sufficient in law to operate a revocation of said last will and testament?

The Orphans' Court by its order granted the six issues, as prayed by the caveators, and refused to grant the *fifth* issue as proposed by the caveatee, and from that order the present appeal was taken.

The proceeding in this case is under Art. 93, sec. 250, of the Code, which requires the Orphans' Court, in all cases of controversy therein, if either party requires it, to direct an issue or issues to be made up, and sent to any Court of law convenient for trying the same.

The obvious purpose of this provision as said in *Cain vs. Warford*, 3 *Md.*, 462, and *Pegg vs. Warford*, 4 *Md.*, 393, is "to enable the Orphans' Court to advertise itself of the real facts of the case." These when found by the jury are conclusive upon the Orphans' Court, which has no discretion, but must enter the judgment in conformity to the finding of the jury. *Pegg vs. Warford*, 4 *Md.*, 394; *Brown vs. Brown*, 22 *Md.*, 110; *Waters vs. Waters*, 28 *Md.*, 24.

In framing issues it is the duty of the Orphans' Court to present the questions of fact in dispute, and to be determined by the jury, in a plain and clear way; there is obvious impropriety in multiplying the issues unnecessarily, and especially in presenting the same substantial question in two separate and distinct issues. In *Pegg vs. Warford*, 4 *Md.*, 385, and *Warford vs. Van Sickle*, 4 *Md.*, 397, it was decided that after issues had been awarded at the instance of a party, it was error to award the same issues at the instance of another party, and that the latter was a void act and of no effect. This decision was made with reference to a case where caveats to a will had been filed by different parties; but the same objection applies, although perhaps not with the same force, to awarding two distinct and separate issues, in the same case, presenting substantially the same question. This objection

applies to the *first* and *second* issues prayed by the caveators. They both involve the question whether the execution of the will was procured by undue influence practiced upon the testator. So far as the second issue differs in its phraseology from the first, it is obnoxious to a still more serious objection. It is not the province of the Orphans' Court to define the nature or degree of influence exerted upon a testator, which will render his will void, and in the *second* issue as proposed, the attempted definition is vague and inaccurate, and might have the effect of misleading the jury. A will cannot be set aside because it may be shown that it was made under influences, which prevented the testator from exercising what in the estimation of a jury, would be a sound discretion in disposing of his property.

The degree and kind of influence, which if exerted upon a testator, will vitiate his will, is well understood and has often been defined by the Courts.

We do not mean to enter upon a definition of it here, to do so would be out of place on this appeal. It is sufficient to say that the question to be answered by the jury on this subject is clearly and sufficiently presented by the *first* issue, and it was error to grant the second.

With respect to the other issues, we have to say that there being no dispute as to the execution of the will, the only questions raised by the caveat are two; *first*, whether its execution was procured by undue influence, and *secondly*, was it afterwards revoked or cancelled?

These questions are fully and distinctly presented by the *first* and *third* issues proposed by the caveators; and for the purpose of a trial of the questions involved, these are all the issues which we think are proper to be granted.

The questions proposed to be raised by the *fourth* and *fifth* issues, as to the effect of the deeds therein mentioned, and whether they operated to revoke the will, are questions which arise under and are properly presented by the *third* issue.

---

Sumwalt *vs.* Sumwalt, *et al.*

---

So with respect to the *sixth* issue as proposed. That amounts to no more than a question whether the will had been cancelled or revoked. Now what effect might be produced by a fraudulent concealment of a will, to prevent its being cancelled or destroyed, if that should be shown by the evidence, we think it would be quite premature, if not improper, now to express any opinion. Whether that fact could operate as a revocation, is a question which will properly arise under the *third issue*, that is to say, was the will revoked, after the execution thereof.

We have carefully examined the several cases which have been before this Court, involving the question of framing issues in the Orphans' Court, and do not think that any of them have conclusively settled the practice in favor of the form of the several issues proposed by the caveators in this case. The particular objections which have been urged by the appellant in this case, do not appear to have been made or considered in any case to which we have been referred.

In our opinion, the correct rule to be observed, and the one which will best subserve the purposes of justice, is to grant no more than one issue presenting the same substantial question, and secondly, not to multiply the issues unnecessarily, and to grant such only as distinctly present the real questions in dispute.

We think in the present case the *first* and *third* issues prayed by the caveators sufficiently present the questions in controversy, and we shall therefore reverse the order of the Orphans' Court and remand the case for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*

(Decided 15th July, 1879.)