Mr. Justice Shepard
delivered the opinion of the Court:
The objection to the second issue, we think, is well taken. If the jury should answer the first in the negative there would be no need for an answer to the second; and an affirmative answer to it would leave some uncertainty as to whether the incapacity was general, or special on account of the delusion, or both. It would be impossible to ascertain to what extent the answer to the first may have been influenced by the opinion with respect to the second issue. Again, if both questions should be answered in the affirmative, there would be an apparent conflict between the two findings.
A sound rule of practice with respect to the framing of issues to be transmitted to another court for trial by jury is stated in Sumwalt v. Sumwalt, 52 Md., 338, as follows: “ It is the duty of the Orphans’ Court to present the questions of fact in dispute, and to be determined by the jury, in a plain and clear way; there is obvious impropriety in multiplying the issues unnecessarily and especially in presenting the same substantial question in two separate and distinct issues. * * * In our opinion, the correct rule to be observed, and the one which will best subserve the purposes of justice, is to grant no more than one issue presenting the *404 same substantial question; and, secondly, not to multiply the issues unnecessarily, and to grant such only as distinctly present the real question in dispute.”
The foregoing is applicable, in our opinion, to the second issue as it stands. It is proper to add, however, that, notwithstanding the first and broad issue, may in all cases be ample to cover the entire range of probable incapacity to make a valid will, we think there are many instances in which it would be proper to submit, and might be error to refuse, in addition and in subordination to the first, in order that the conflict noted above may be avoided, a second issue based on the alleged existence of some special insane delusion of the testator with respect to the natural objects of his bounty, or some other special matter, which may have controlled or unduly influenced iú a legal sense a mind in other respects sufficiently sound. In order to entitle the caveator to demand- the submission of such a special issue, there should at least be some foundation therefor in the allegations of the caveat in order that the Orphans’ Court may have a proper opportunity to determine the necessity or expediency of the demand.
We think there is no sound objection to the form of the third issue, though such generality of statement is ordinarily reprehensible. It seems to be in accordance with the general practice of the courts of this District and of Maryland, whence it was derived. Of the many cases in both jurisdictions where such issues have been framed and transmitted, we have been referred to none in which this question has ever been raised or decided. In many cases, whose records have been examined, the issue with regard to undue influence has been found stated in the same general, indefinite way; no person or persons having been named as the agents or instigators thereof. Sometimes the issue connects the undue influence with some certain person by name and “ others unknown.”
Under the peculiar difficulties which often beset preliminary inquiries into matters of this nature, we think it not *405 unreasonable to permit an exceptional latitude of statement. A caveator, by reason of such difficulties, might sometimes be deprived of a right by requiring a precise statement of the names of persons as well as the grounds of contest. ■Moreover, those who seek to probate the will could rarely, if ever, be taken by surprise by the evidence, introduced in support of this issue, all the facts concerning which, if there be any foundation whatever for the charge, must naturally be supposed to be within their knowledge.
It follows that the ot'der appealed from must be reversed and the cause remanded, with directions to reframe the issues to be transmitted, in conformity with this opinion; and it is so ordered, with costs to the appellants.