## LEONARD M. BRUTON *v.* MARIAN CAMPBELL SMITH ET AL.

[No. 36, April Term, 1938.]

*Decided May 25th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, and JOHNSON, JJ.

*Robert E. Kanode* and *Frederick J. Singley,* for the appellant.

*Max Sokol* and *M. William Adelson,* with whom were *Dickerson, Nice & Sokol* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The case arises out of a dispute of the right of the appellant to caveat a will and codicils of his father; and the particular question is whether the Orphans' Court should have allowed issues, submitted by the son looking to the determination of that dispute, to be transmitted to a court of law for trial under section 264 of article 93 of the Code.

In a settlement made in 1934, three years before the father's death, of litigation instituted by him to require an accounting of the property of his, controlled and managed by the son, the latter had agreed in writing that he would not institute, or be a party to, any proceedings for the purpose of contesting any will or codicil theretofore made by the father, and had admitted the testamentary capacity of the father. A will had been executed six months previously, and two codicils were added subsequently to the settlement. The son and his wife would receive legacies of ten dollars each under the will, and a deed to a cemetery lot; would receive nothing else under the first codicil; but under the second would receive in addition an estate for life in remainder in property of the testator. When the will was offered for probate the son filed a caveat, and denied that his agreement with the father constituted a bar; and submitted fourteen issues for the determination of questions involved in that denial.

The first issue was:

"Is Leonard M. Bruton prevented from proceeding with the caveat to the will of his father, dated November 29th, 1933, on the ground that at the time of the alleged execution of the alleged Last Will and Testament, the Testator was not of sound and disposing mind, memory and understanding, and was not capable of executing a valid deed or contract, in view of the alleged agreement, dated May 29th, 1934."

On this same form, by substitutions of words, four issues referred to an attack on the will, four to an attack on the first codicil, and four to an attack on the second codicil, and one in each four referred to the separate grounds of mental capacity, procurement of the will or codicil by undue influence, procurement by fraud, and lack of execution in accordance with the laws of the state. The four grounds of attack are repeated with reference to each of the three instruments, in questions whether Leonard M. Bruton was prevented by his agreement from making the attack on those grounds.

The thirteenth and fourteenth issues proposed were:

"13. Is the paper writing dated May 29th, 1934, purporting to be an Agreement between James Williams Bruton, now deceased, and Leonard Marshall Bruton, void and inoperative as a contract by reason of undue influence, or duress, exercised upon and against said James Williams Bruton, unknown to the said Leonard Marshall Bruton at the time of the execution thereof.

"14. Does Leonard Marshall Bruton have such interest in the estate of James Williams Bruton, deceased, as entitles him to file a caveat against any paper writing or writings purporting to be the last will and testament, and/or codicils thereto, of the said James Williams Bruton, deceased."

The Orphans' Court refused to transmit any of these issues, because they raised no question of fact which could properly be transmitted to a common law court; and this court agrees.

There can be no doubt of the effectiveness in law of

an agreement not to contest a will, none of the jurisdiction of the Orphans' Court to determine what persons have or have not an interest to make a contest, and none of the right of an intending contestant to have transmitted to a court of law for trial proper issues to try the facts upon which his interest, or lack of it, must be determined. Review of decisions, 55 *A. L. R.* 811, Ann. Cas. 1914D, 510; 3 *Woerner, Amer. Law of Administration,* 1889; *Hartle v. Stahl,* 27 Md. 157; *Richard v. Izer,* 95 Md. 451, 52 A. 592; *Schmidt v. Johnston,* 154 Md. 125, 140 A. 87; *Collins v. Cambridge Hospital,* 158 Md. 112, 148 A. 114; *Safe Deposit & Trust Co. v. Devilbiss,* 128 Md. 182, 97 A. 367. But the issues must be confined to questions of fact, and must be presented in a simple form, conducive to the proper answering of those questions by a jury. *Sumwalt v. Sumwalt,* 52 Md. 338. Here, each of the first twelve isues presents a question of the effect in law of the agreement: "Is Leonard M. Bruton prevented from proceeding with the caveat" by it, which would include all legal questions that might arise for consideration after the writing is placed in evidence. And as each of those issues states a particular ground of the caveat intended to follow, it would probably lead a jury to suppose that the existence of the separate grounds is also to be determined by it. An objection, too, of unnecessary complexity in the jury's task by multiplication of substantially the same questions is well taken. *Reilly v. Dougherty,* 60 Md. 276, 278.

That the son would gain no property interest by invalidating the codicils opposes no obstacle to his attack upon them, because their effect as republications of the will to be attacked would afford him sufficient interest to proceed against them.

The thirteenth issue would put to the jury the two questions of undue influence and knowledge of it by the son, but in any improved form it would not be an issue proper for settlement in this proceeding. The assumption underlying it is that the obstacle to the son's caveat must consist in an estoppel, as in the case of one who

has given a release upon payment of a legacy but who afterwards attacks the validity of the will to gain more upon intestacy. *Schmidt v. Johnston,* 154 Md. 125, 140 A. 87. Passing the objection that the undue influence alleged here to have procured the contract of settlement was not upon the son himself but upon the other party, and a reason not why he should not be bound by his free act but why the other party should not, that contract, fully executed, with considerations moving to each side, could not now be set aside, and proper readjustments made, except in a court of equity, if it could be set aside at all. The one stipulation against filing a caveat could not in any court be lifted out and dealt with independently of the rest of the contract, for it could not be supposed that without it the settlement made would still have been agreed upon. There were stipulations concerning leases, deeds, rents of properties collected, property conveyed to the son, and use of still other property by him, and the problem of cancellation would involve the return of considerations so far as possible, and reopening of the disputes settled.

To the fourteenth of the proposed issues it seems a sufficient answer that the final question of the son's interest, depending as it does upon the agreement and its interpretation, and the determination of whatever grounds of attack there might be, would be one of law; and that as the effect of that agreement with respect to the previous will and with respect to the codicils, both executed subsequently, present different questions, there would be two questions combined in the one, possibly requiring two answers.

*Order affirmed, with costs.*