17137

EDWARD C. FURTICK, Appellant, v. S. H. DUNCAN, SARA B. MARTIN, J. L. HICKS, and CENTRAL SUPPLY COMPANY, of which Centeral Supply Company is, Respondent

(92 S. E. (2d) 132)

*E. Ellison Walker, Esq.*, of Columbia, *for Appellant,*

*John Gregg McMaster, Esq.*, of Columbia, *for Respondent,*

March 28, 1956.

STUKES, Chief Justice.

This was an action for damages for the alleged unlawful exclusion of plaintiff from a corporation in which he formerly held shares amounting to $1,250.00, which he alleged were transferred to another stockholder in the year 1949 as the result of alleged fraud practiced upon him by an agent and officer of the corporation. The answer contained a limited general denial and, in further defense, it was alleged that appellant voluntarily sold his former stockholdings in the corporation, was paid therefor, and was afterward employed by the corporation as office manager until the employment was discontinued in 1954.

The summons and complaint were served on May 7, 1954, and dismissed as to the nonresident defendants on July 20, 1954. Amended complaint was served on July 28, 1954. Motion was made by the sole remaining defendant to require the plaintiff to elect his cause of action, which he did—for fraud and deceit.

The case was set for trial at the November, 1954, term of court, but was not reached. When it was reached at the January, 1955 term, it was continued on motion of plaintiff, although continuance was opposed by the defendant because of the condition of health of its main witness. At the March, 1955, term it was again continued on motion of plaintiff, upon the certificate of his physician that he was then unable to enter upon trial; and continuance was again opposed by defendant upon the same ground as before. At the May, 1955 term, plaintiff asked for another continuance upon the certificate of his doctor, and the defendant opposed the motion upon the ground of the poor physical condition of its main witness. The presiding judge issued the order of the court, reciting the prior continuances and that for the third time the plaintiff had made a similar motion, based upon his poor physical condition, and that the defendant had shown that its main

witness was also suffering from a heart condition, where-upon it was ordered that the case be continued beyond the term, quoting from the order, "upon the condition that if the plaintiff is not in a position to try this case at the September, 1955 term of the court, an order of involuntary nonsuit shall be entered."

When the case was reached at the Fall, 1955 term, plaintiff moved for a further continuance upon the ground of a medical certificate to the effect that he was, quoting, "suffering from a marked anxiety state and depression and in his opinion too much stress might aggravate Mr. Furtick's condition and for this reason it would not be advisable for him to participate in the trial of any lawsuit at this time; that he believes that Mr. Furtick will recover sufficiently in order to try this suit in the future." In opposition, defendant produced the certificate of the physician in attendance upon its principal witness, as follows: "This is to certify that Mr. S. H. Duncan has been a patient under my professional care and that he has been totally disabled, but at this time would be able to undergo court procedure. However, I could give no assurance that his present physical state will be sustained." Plaintiff this time moved alternatively for continuance or voluntary nonsuit, which defendant opposed, and the court refused both alternatives on what it conceived to be the binding effect of the condition imposed in the order granting the last previous continuance, and entered an order of involuntary nonsuit. Plaintiff appealed.

Appellant's single exception follows: "The Trial Judge erred in ordering an involuntary nonsuit as to the plaintiff's cause of action before trial of the issues."

It is patently inadequate; it specifies no ground of alleged error. Supreme Court Rule 4, Sec. 6, *Scott v. Independent Life & Acc. Ins. Co.*, 227 S. C. 535, 88 S. E. (2d) 623, and earlier cases there cited.

Appeal dismissed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.