17621

A. P. MAHAFFEY and Clyde Mahaffey, as Executors of the Will of Emma Mahaffey, Respondents, v. Pearl MAHAFFEY, Marie M. Rogers, James Mahaffey, Aaron Mahaffey, Frances Mahaffey and Joseph Mahaffey, Appellants.

(113 S. E. (2d) 72)

*Messrs. Moore & Stoddard,* of Spartanburg, *for Appellants,*

*Messrs. Bobo Burnett* and *Carlisle Bean,* of Spartanburg, *for Respondents,*

February 25, 1960.

LEGGE, Justice.

The will of Emma Mahaffey, dated December 26, 1947, was admitted to probate in common form by the Probate

Court for Spartanburg County on February 5, 1948. Thereafter in appropriate proceedings in that court it was admitted to probate in "due form of law" on August 24, 1949. Upon appeal to the Court of Common Pleas the matter was tried *de novo* before the Honorable Steve C. Griffith, Presiding Judge, and a jury on October 1, 1958.

Validity of the will was attacked upon two grounds, *viz.:* (1) that the testatrix lacked mental capacity to make it; and (2) that its execution had been procured by undue influence on the part of the two principal beneficiaries. In the course of his charge Judge Griffith, after having fully instructed the jury as to the law applicable to these issues, submitted to them in writing three questions that he had prepared, as follows:

1. Is the will good?
2. Was there lack of mental capacity?
3. Was there undue influence?

To the first of these questions the jury answered **"Yes"**.

The transcript of record reveals no exception designated as such. It merely states, as the "Question Involved": "Did his Honor err in submitting to the jury the question 'Is the will good?' before the question 'Was there lack of mental capacity?' and 'Was there undue influence?' "

Considered as an exception, this "Question Involved" does not meet the requirement of Rule 4, Section 6, because it fails to specify any ground upon which appellants based their contention that the trial judge committed error in submitting the three questions in the order stated. *Cf. Scott v. Independent Life & Accident Ins. Co.,* 227 S. C. 535, 88 S. E. (2d) 623; *Furtick v. Duncan,* 229 S. C. 126, 92 S. E. (2d) 132. We note also that at the close of his charge the trial judge excused the jury and gave counsel the opportunity to express any objections to the charge and to request additional instructions, Code, 1952, Supplement, Section 10-1210. Appellants, having at that time voiced no objection to the charge as given, and having requested

no amplification of it, have no right now to question it. *Tate v. Le Master,* 231 S. C. 429, 99 S. E. (2d) 39; *G. A. C. Finance Corp. v. Citizens & Southern National Bank of South Carolina,* 234 S. C. 205, 107 S. E. (2d) 315. For either of the foregoing reasons this appeal might be summarily dismissed; but we prefer to consider directly the question that appellants seek to present.

■ Appellants argue that the questions as to mental capacity and undue influence should have been submitted to the jury first, and the question "Is the will good?" last; and that reversal of that order in effect required the jury to decide the issues of mental capacity and undue influence simultaneously before deciding them separately. We see no merit in this contention, in the light of the trial judge's charge concerning these issues, which we quote:

"Now, gentlemen, I have prepared three questions for you to answer. The order of the questions has no significance at all. One had to be first and one had to be last. The first: Is the will good. By that I mean is the will valid. You will answer that question 'yes' or 'no'. If you find that the contestants have failed to prove that the testatrix at the time she signed the will was lacking in mental capacity, or was acting under undue influence, if they fail to prove one or the other, or both, then you would say 'yes' to that question. And in the event you answer that question 'yes' you do not have to go any further. That ends it. If you find that, the contestants have failed and the will is a good and valid instrument.

"If you decide, however, that the will is no good, then I want you to answer the two following questions. I want to know whether you base your findings of an invalid will upon a lack of mental capacity, or upon undue influence, or both.

"Now, if you find it is no good because the testatrix didn't have mental capacity to execute it, then the number 2 question would be answered 'yes'. If you find that she did have

mental capacity, then your answer to that question would be 'no'.

"The third question relates to undue influence. If you find that the will was executed while the testatrix was subjected to undue influence, your answer to that question would be 'yes'. If you find that she was not subjected to undue influence, your answer would be 'no'.

"You will fill in the answers as your verdict may require, Mr. Foreman, and then you sign it on the bottom line."

The three questions framed by the trial judge are the usual one in such cases. To resolve the issue of validity in the affirmative it was necessary that the jury find that neither ground of invalidity had been established; to resolve it in the negative required a finding that one or both of said grounds had been established by the preponderance of the evidence. Once that course had been plainly charted for them, as we think it was by the portion of the charge before quoted, the numerical order in which the submitted questions were set forth became immaterial, in our opinion.

Appellants point to In re Washington's Estate, 212 S. C. 379, 46 S. E. (2d) 287, and *Harris v. Berry,* 231 S. C. 201, 98 S. E. (2d) 251, in both of which the questions were submitted in the following form and order:

1. Did ————————, at the time of the execution of the paper propounded herein as his will, have sufficient mental capacity to make his will and understand its contents?

2. Was ———————— acting under undue influence of ———————— when he executed said paper,

3. Is the paper propounded as his will the true will of ————————?

We find no fault with that method of submitting the questions, either as to phraseology or as to numerical order. None was suggested in the appeal of either of those cases. It does not follow that in the case at bar the trial judge erred in submitting the questions as he did.

In the absence of statute prescribing otherwise, the number and form of questions to be submitted to the jury in cases of this kind are left to the discretion of the trial judge, the only requirements being: (1) that they must be confined to factual issues, and (2) that they must be presented in simple form, conducive to their proper answering by the jury. 57 Am. Jur., Wills, Section 929; 95 C. J. S., Wills, § 434; *Bruton v. Smith,* 174 Md. 516, 199 A. 517; In re Herring's Will, 152 N. C. 258, 67 S. E. 570. Appellants cite no authority, and we know of none, for the proposition that they must be presented to the jury in a certain order. We think that the numerical order in which they are framed for the jury's consideration, as well as the form in which they are presented, is a matter properly to be left to the sound discretion of the trial judge. Such questions are essentially a part of his charge to the jury, which should be viewed as a whole. So considering them in the instant case, we find no error.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.