## WILLIAM H. TALBOTT ET AL. *vs.* WILLIAM T. LEATHERBURY ET AL.

*When Bond Must be Filed by Trustee to Whom Property is Conveyed—Necessary Parties to a Bill to Vacate a Deed of Trust Because in Fraud of Creditors.*

A deed, which directs the grantee to hold the property conveyed in trust until a given time, and then to convey it absolutely to the *cestuis que trustent*, with an incidental power of sale, is not within the purview of *Code*, Art 16, sec. 205, which requires every trustee to whom any estate is conveyed for the benefit of creditors, or to be sold for any purpose, to file a bond as a condition of the passing of the title to him, since that section is intended to apply only to deeds creating trusts for the sale of property.

The above-mentioned deed is within *Code*, Art 16, sec. 203, which provides that when a trustee has been appointed by will or deed to execute a trust, any person interested in its execution may ask the Court to require the trustee to give bond for the faithful performance of the trust.

The question as to the want of necessary parties to an equity proceeding should be raised by the pleadings. But when the absence of necessary parties to enable the Court to settle finally the issue, so as to bind all persons in interest, appears upon the face of the proceedings, objection upon that ground may be made at the trial.

A tract of land, subject to a mortgage, was conveyed to a trustee to hold the same until the grantor's youngest child should come of age, in the meanwhile paying the net income to the children. Power was given to the trustee to mortgage or sell the property whenever he should deem it necessary. After the death of the trustee, the plaintiffs, creditors of the grantor, filed a bill against him and his wife, who had united in the deed, alleging that the conveyance was without consideration and was made for the purpose of defrauding the grantor's creditors, and asked that the same be vacated and annulled. The mortgagee was made a co-defendant, but neither the *cestuis que trustent* nor the heir at law of the deceased trustee, in whom was vested the legal title, were parties. *Held*, that these persons are necessary parties to the bill.

Appeal from a decree of the Circuit Court for Anne Arundel County (REVELL, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*James R. Brashears* for the appellants.

*James W. Owens* and *James M. Munroe* for the appellees.

SCHMUCKER, J., delivered the opinion of the Court:

This is an appeal from a decree which set aside a deed as fraudulent because it hindered and delayed the creditors of the grantor.

On the 28th of April, 1898, the appellant, William H. Talbott, jointly with his wife conveyed a parcel of land lying in Anne Arundel County, subject to a mortgage to C. Morris Cheston, in trust to hold it for the use of Talbott's six children named in the deed until the youngest of them became twenty-one years of age. The trustee was by the terms of the deed directed to collect the rents of the property and after defraying taxes and expenses to pay over the net income to the children, and he was given power to mortgage or sell the property whenever he should deem it necessary to do so for the protection of the estate or the parties interested in it.

The deed was duly executed and acknowledged and was promptly recorded. It did not contain an acceptance of the trust on the part of the grantee but the record contains evidence that he had knowledge of and assented to its execution. The trustee Cheston, died during the year 1898 without having filed any bond or having entered upon an active discharge of the duties of his trust.

On April. 28, 1899, during the vacancy in the trusteeship, caused by Cheston's death, the appellees filed the creditor's bill in the present case, averring that Talbott had made the deed of trust to Cheston without the knowledge or assent of the latter and without consideration for the purpose of stripping himself of all his property in order to hinder, delay and defraud his creditors. The bill prayed that the deed might be set aside and the property conveyed by it sold for the benefit of Talbott's creditors. H. S. Ridout, the mortgagee of the land, was made a co-defendant to the suit, but neither the *cestuis que trust* nor the heir at common law of the deceased trustee were made parties.

The appellants answered the bill admitting the indebtedness of Wm. H. Talbott to the appellees and the making of the deed of trust by him and his wife to Cheston, but denying the other allegations of the bill. No demurrer was filed to the bill nor did the answer set up the defense of the want of proper parties to the case, but the opinion of the Circuit Court, which is in the record, shows that objection to the non-joinder of the *cestuis que trust* and the heir of the trustee in the suit was made by counsel in the argument and was passed upon by the Circuit Court. Ridout, the mortgagee, also answered the bill admitting the existence of his mortgage, but neither admitting nor denying the other allegations.

The Circuit Court being of the opinion that the deed of trust was one of those contemplated by sec. 205 of Art. 16 of the Code, held that no title passed to the grantee, because of his failure to comply with the requirements of that section by filing a bond, and that therefore neither his heir nor the *cestuis que trust* were necessary parties to the case. That Court being also of the opinion that the deed was made with intent to hinder and delay the creditors of the grantor passed the decree setting it aside and directing the property to be sold for the payment of his debts.

We think that the bill of complaint was defective for want of proper parties. The deed of trust from the appellants to Cheston was regular in form and was duly executed and recorded and was therefore *prima facie* a valid deed. The testimony in the case does not support the allegation of the bill that the deed was made without the knowledge or consent of the grantee, but so far as its bears upon that question the evidence tends rather to establish the fact of such knowledge and consent on his part when the deed was made although it indicates that after his interview with the appellee Leatherbury, he showed a disinclination to continue to act as trustee.

The deed may have been fraudulent in fact and may have been executed under such circumstances as to have induced a Court of equity to set it aside upon a proper application made for that purpose by the creditors of the grantor. Be-

fore, however, a decree to set it aside could have properly been passed, the well-settled principles of equity pleading required that all parties having any interest in the property under the terms of the deed should have been brought before the Court and have had an opportunity to answer the bill and be heard in their own behalf. *Cromwell* v. *Owings,* 6 H. & J. 14 ; *Ridgely* v. *Iglehart,* 6 G. & J. 53 ; *Ward* v. *Hollins,* 14 Md. 167.

The provisions of sec. 205 of Art. 16 of the Code were, in our opinion, not intended to apply to deeds like the one now under consideration. That section requires " every trustee to whom any estate real, personal or mixed shall be limited or conveyed for the benefit of creditors or *to be sold* for any other purpose " to file a bond with the clerk of the Court in which the deed may be recorded before any title to the property conveyed shall pass to him, with the proviso that if the sale is to be made in a contingency no bond need be given until the contingency happens. This section was obviously intended to apply only to deeds creating trusts *for the sale* of property whether the sale was to be made for the benefit of creditors or for any other purpose. It would involve an unwarrantable stretch of construction to hold this section applicable to a deed like the one now before us, which creates a trust *to hold* the property until a given time and then *convey it* absolutely to the *cestuis que trust,* because an incidental power of sale is conferred by the deed upon the trustee.

The cases of *Stiefel* v. *Barton,* 73 Md. 409, and *White* v. *Pittsburg National Bank,* 80 Md. 1, upon which the appellee relied in support of the contention that sec. 205 applies to the present deed, were both of them cases of deeds of trust for the benefit of creditors, as were also the later cases of *Fidelity and Deposit Co.* v. *Haines,* 78 Md. 457, and *Moore* v. *Title and Trust Co.,* 82 Md. 290, in which the same section was held to apply.

The deed now before us falls within the contemplation of sec. 203 of Art. 16 of the Code, which provides that, "In all cases where a trustee has been appointed by will or deed to

execute any trust," any person interested in its execution may apply to the Court to require the trustee to give bond for the faithful performance of his trust, and that upon his failure to comply with an order requiring him to give bond the Court may remove him and appoint a new trustee. Ample protection is afforded by this section to the persons interested in the execution of the trusts created by the deed in this case.

The title to the property in controversy having passed to Cheston under the deed of trust from the appellants to him, his heir at common law, on whom the legal title was cast at his death, as well as the *cestuis que trust* named in the deed, were necessary parties to the case.

The appellants should have raised the issue of want of proper parties to the bill by their pleadings, but when the absence of necessary parties to enable the Court to finally settle the issue so as to bind all persons in interest appears upon the face of the proceedings as it does in the present case, objection upon that ground may be made at the trial in the lower Court, or according to some of the authorities at the argument in the appellate Court. *Salmon* v. *Clagett*, 3 Bland, 143; *Tartar* v. *Gibbs*, 24 Md. 337; *Hawkins, Trustee,* v. *Chapman*, 36 Md. 99; *Hoe* v. *Wilson,* 9 Wall. 504; *Coiron* v. *Millaudon*, 19 How. 113.

The decree appealed from will be reversed and the case remanded to the end that proper additional parties may be made to the case by amendment and further proceedings had in accordance with this opinion.

*Decree reversed and cause remanded.*