## GEORGE CHARLES OTTO SCHMIDT *vs.* JOHN HINKLEY AND THOMAS FOLEY HISKY, TRUSTEES.

*Deeds of trust; power of cestui que trust to dispose of property by will; powers of trustees to sell and convey land; to pay certain small debts; Code of Pub. Gen. Laws, Art. 16, secs. 221-222.*

A deed conveyed to T. F. H. and J. H., trustees, real and personal property in trust, to permit M. W. to occupy a dwelling during her life, with power to her of disposing of the same by will; in default of such disposition by her, the estate was to be conveyed and delivered by the trustees to her heirs and personal representatives; upon her death the trustees were to repay to certain of her relatives all sums of money which the latter should have expended for her support. The will also gave the trustees full powers and direction to sell or convey the trust property as often as should be necessary either for the purpose of changing the investments, or for a division among the parties entitled after the death of the said M. W. M. W. died, and by her will, specifically exercising the power of appointment, devised all of her estate to be equally divided among certain parties, and made T. F. H. and J. H. her executors. *Held,* that the power of sale for the purpose of the "division of the estate among the parties entitled after the death of M. W.," was as much a part and purpose of the trust as was the power of the trustees to repay sums of money as there provided.　　　p. 335

The power given by the deed of trust to M. W. of disposing of the property by will, did not divest the trustees of the power of sale.　　　　　　　　　　　　　　　　p. 336

Where a deed of trust gave trustees the power to sell the trust property for the purpose of paying off certain small sums of money therein named, and to divide the estate among the

parties entitled, it was *held,* that this was not such a deed
of trust for the benefit of creditors, or for the enforcement of
a security, as to come under sections 221-222 of Article 16 of
the Code of Public General Laws relating to the filing of
bonds by trustees.                                    pp. 336-337

*Decided April 4th, 1911.*

Appeal from the Circuit Court No. 2 of Baltimore City
(STOCKBRIDGE, J.).

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, BURKE, THOMAS and PATTISON, JJ.

*Horton S. Smith* (with whom was *Joseph L. McAllister*
on the brief), for the appellant.

*Frederick J. Singley* and *John Hinkley* for the appellees.

PEARCE, J., delivered the opinion of the Court.

This is an appeal by the defendant below from a decree of
Circuit Court No. 2, of Baltimore City for the specific per-
formance by the defendant of a contract to purchase from
the appellees as trustees, a fee simple property in the City of
Baltimore, known as Number 313 North Paca street, for the
sum of seven thousand dollars, of which the sum of $200
was paid in cash March 23rd, 1910, and the balance, by the
written agreement between the parties, was to be paid in
cash upon the execution and delivery of the deed; the title to
be good and marketable, and the purchaser to be allowed
thirty days for examination of title.

The case was submitted on bill, answer and agreed state-
ment of facts.

The sale was made by the appellees as Trustees under a
deed of trust from Margaret Wilson dated May 25th, 1909
and duly recorded. It conveyed and assigned to John Hink-
ley and Thomas Foley Hisky and the survivor of them, and
their successors in office, the property above mentioned (also

certain furniture and other personal property, and a certain legacy of five thousand dollars, bequeathed to her under the will of John T. Morris, then deceased), in trust to permit the said Margaret Wilson to occupy No. 313 North Paca street during her life, or in case she should not wish to occupy it, then in trust to rent the same for her benefit; also to per- mit her to use the said furniture and other personal property, with power to dispose of the same by will; to invest the said legacy of $5,000, and the proceeds of sale of the dwelling, furniture, and other personal property, in case the same or any part thereof should be sold for her benefit during her life. The sixth clause of said deed of trust which is the important part of the deed for the determination of this appeal is as follows:

"With power to said Trustees, and the survivor of them and their successors in the office of trustee, in their discretion, and without application to any Court, to sell, lease, exchange or otherwise convey or assign the property hereby granted and conveyed, including said dwelling house, furniture and other personal property, and the investments of said legacy of Five thousand dollars, or any parcel or portion thereof, or any rein- vestments of the same, and to execute proper deeds, assignments or other conveyances, and so that in any sales the purchasers shall not be bound to see to the application of the purchase money or other consideration therefor. Said powers to be exercised as often as may be necessary either for the purpose of changing the investments or redemption of redeemable ground rents, *or for division among the parties entitled after the death of the said Margaret Wilson,* or for any other purpose which, in the discretion of said Trustees, or the survivor of them, or their successors in the office of trustee, may be necessary or desirable for the purposes of the trust, the proceeds of any sale made during the life of the said Margaret Wilson, to be rein- vested by said Trustees or the survivor of them, or their suc- cessors in the office of trustee, in their discretion, and held upon the same trusts as the property originally granted."

It will be seen later that the question for determination turns mainly upon the words we have italicised in the clause

above transcribed. By another provision of the deed of trust, said trustees were, upon the death of said Margaret Wilson, to repay, out of said trust estate, to certain cousins of said Margaret Wilson, all such sums as should have been expended by them for her support and maintenance, under a family arrangement for that purpose mentioned in said deed of trust, and the said Margaret Wilson was also empowered, subject to the last mentioned provision, to devise and bequeath the entire trust estate to such person or persons as she should think proper, and in default of such disposition, the whole trust estate, after payment of the amounts due said cousins, to be conveyed, transferred and delivered to the heirs and personal representatives of said Margaret Wilson. She died February 1st, 1910, leaving a will duly executed and admitted to probate, by which she specially exercised the power of disposition or appointment of said trust estate, by which, after making certain small bequests, she devised and bequeathed all the rest and residue of her estate, including said trust estate to Auguste Emilie Arnold, Louise Julia Arnold and Hannah T. Hisky, wife of Thomas Foley Hisky, to be equally divided among them, and constituted the said John Hnkley and Thomas Foley Hisky, executors of said will and authorized them, if they should see fit, to divide said residue into three equal parts and to allot one of said parts to each of said residuary legatees.

On March 23rd, 1910, the appellees as trustees entered into the contract with the appellant which they now seek to enforce. The appellant's objection to the title and the ground of his refusal to perform said contract, is that after the death of Mrs. Wilson and after the exercise by her of the power of appointment reserved to her in the deed of trust, the power of sale given by the deed of trust to the trustees was destroyed. The trustees, on June 21, 1910, filed their bond as trustees under said trust in the penalty of $14,000 in the Superior Court of Baltimore City, with condition prescribed by law, which was duly approved.

On June 16th, 1910, said trustee tendered to the appellant a deed in due form for said property, executed by them as trustees under said trust, and also by Auguste Emelie Arnold, Louise Julia Arnold, both unmarried, and by Hannah T. Hisky and Thomas Foley Hisky, her husband, with proper references to said deed of trust and to said last will and testament, and demanded from the appellant the balance of the contract price. It was also admitted in the record that on February 18th, 1910, said trustees paid to said cousins all sums due either of them on account of expenditures made by them for the maintenance of said Margaret Wilson; that no debts were proved against the estate of Margaret Wilson; and that on August 11th, 1910, John Hinkley and Thomas Foley Hisky duly passed an administration account as executors of Margaret Wilson, by which all costs of administration were paid, all pecuniary and specific legacies were paid, and the balance of the estate was divided equally among the three above-named residuary devisees and legatees, and releases of all said devisees and legatees were duly filed, and it was declared by the appellant that his. reason for refusing to accept the title to the property "was that the sale should have been made by the executors under the will, and not by the trustees under the deed of trusts."

The first contention of the appellant is "that the trust estate, and with it all powers of sale, expired upon the death of Margaret Wilson, leaving a will duly executed, and upon the repayment to her cousins of the amounts due them." He correctly argues that the extent of the legal estate of these trustees depends upon the objects and extent of the trusts upon which the estate was given, and then proceeds to the assertion that an examination of the deed of trust in this case shows that it had but two purposes, viz. :First, to make provision for Margaret Wilson's comfortable support during her life, and, second, to provide for the repayment. after her death of such sums as her said cousins should have advanced for her comfortable support, and that "no *other* purpose is

mentioned". But that construction of the deed of trust wholly ignores the further purpose so plainly expressed to confer upon the trustees, the power of sale, not merely for change of investments during her life, but for *division after her death among the parties entitled,* whether they become so entitled under the power of appointment reserved to her by the eighth clause of the will, or by her failure to exercise that power as provided by the 9th clause of the will. The power of sale for the purpose of division amongst the parties entitled after her death, however they should become so entitled, was as much, and as clearly, one of the purposes of the trust, as was the power of sale to repay her cousins, after her death, any sums for advances made by them for her comfortable support. That power of sale was not a mere naked power in the trustees, but was coupled with the legal estate vested in them, and as was said in *Johns Hopkins University* v. *Middleton,* 76 Md. 205, "the entire legal estate must remain there to serve the purposes of the trust until the primary duties prescribed by the will (in this case by the deed) are performed by the trustees." In *Dodson* v. *Ashley,* 101 Md. 513, JUDGE JONES, quoting 4 *Kent's Commentaries,* 345, said: "The intention of the donor of the power is the great principle that governs in the construction of powers; and in furtherance of the object in view the Courts will vary the form of executing the power, and as the case may require, either enlarge a limited power to a general power, or cut down a general power to a particular purpose"; and also said: "The trustees here have not a mere naked power. They have the power in connection with, and as appendant to, the legal estate with which they are vested, and of which they will not be divested until the purposes of the trust have been fulfilled." The appellant again correctly states the legal proposition, frequently declared, that it is necessary to read the gifts made in execution of a power of appointment as if they had been written into and formed part of the instrument conferring the power, and proceeds to argue that if in this case the gifts are so read, the power of sale to make

division is "superseded or entirely overcome by the execution of the will" by which she gave the absolute estate to the legatees named, share and share alike.    On the contrary, however, we are of opinion that if this gift or appointment of the residue of the estate were read into the deed of trust it would not supersede or destroy the power of sale for the purpose of division amongst the parties entitled at the donor's death, but would be subordinated to the power which was vested in the trustees by the deed of trust and of which the donor could not divest them by any will or subsequent instrument, any more than she could in that manner have divested the trustee of the power of sale conferred upon them for the purpose of paying her cousins any sums due them for advances for her comfortable support.

Upon the whole case we think it clear that the will does not divest the trustees of the power of sale given by the deed of trust.

But the appellant further contends that even conceding the power of sale existed for the purpose of division among the parties entitled at the death of Margaret Wilson, the sale is invalid, because that was made on March 23rd, 1910, and no bond was filed by the trustees until May 9th, 1910.    In support of this position he relies upon section 221 and 222 of Article 16th of the Code which provides in section 221 that "every trustee to whom any estate real, personal or mixed shall be limited or conveyed for the benefit of creditors, or to be sold for the benefit of creditors, or to be sold for any other purpose, except upon a contingency, shall file with the clerk of the Court in which the instrument creating the trust may be recorded a bond in such penalty as the clerk may prescribe; * * * and no title shall pass to any such trustee as aforesaid until such bond shall be filed * * * and no sale made by any such trustee without such bond shall be valid or pass any title to such property or estate."

Section 222 provides that when "any estate shall be limited or conveyed to any trustee as security for debt, or to be sold upon a contingency" no bond need be filed "until the con-

tingency happens or a sale is about to be made under the power contained in the instrument creating such trust," and further provides as in section 221 that no such sale made without such bond shall pass any title to such property or estate." The appellant argues that the main object of the deed of trust was to secure the repayment to Margaret Wilson's cousins of the sums expended by them for her support, and to that extent it was a deed of trust for the benefit of creditors, or as security for a debt, and therefore that this case must be controlled by the decision in *Union Trust Co.* v. *Ward,* 100 Md. 102.

But the only creditors provided for by this deed were the grantors two cousins, and the agreement of facts in the record shows the only debts due them were $735.09 and $725.35 respectively, at the death of Margaret Wilson, and that these were fully paid by her executors on February 18th, 1910, more than a month before the sale made March 23rd, 1910. That sale therefore was neither made for the benefit of creditors, nor to enforce a security for any debt, nor do we think it comes within that clause of section 222 which relates to sales to be made upon a contingency. The deed in this case provides that in event of the failure of Margaret Wilson to dispose of the trust estate under the power of appointment given her therein that the trustees, upon her death, should convey and transfer the principal of the trust estate to her heirs or personal representatives.

In *Talbott* v. *Leatherbury,* 92 Md. 166, this Court held that a deed which directs the grantee to hold the property conveyed in trust until a given time, and then to convey it absolutely to the *cestui qui trustent,* with an incidental power of sale is not within the purview of Code, Article 16, section 221, which requires every trustee to whom any estate is conveyed for the benefit of creditors, or to be sold for any other purpose to file a bond as a condition of passing the title to him, since that section is intended to apply only to deeds creating trusts for the sale of property; and further held that such a deed is within Code, Article 16, section 219,

which provides that when a trustee has been appointed by will or deed to execute a trust, any person interested in its execution may ask the Court to require the trustee to give bond for the faithful performance of the trust.

In the course of the opinion JUDGE JONES said in reply to the same contention made by the appellant here: "It would be an unwarrantable stretch of construction to hold section 221 applicable to a deed like the one now before us, which creates a trust *to hold* the property to a given time and then convey it absolutely to the *cestui qui trustent,* because an incidental power of sale is conferred by the deed upon the trustee", and it would be equally unwarrantable to hold section 222 which deals also with sales upon a contingency, to be applicable to the deed now before us, especially as that section was enacted by Chapter 114 of 1900, a year before the decision in *Talbott* v. *Leatherbury, supra,* and must be presumed to have been in the mind of the Court.

We do not think it necessary to prolong this opinion by consideration of the appellants objection that there is no sufficient mutuality on the part of the contracting parties, further than to say that we are of opinion the relief sought cannot be refused on that ground.

For the reasons given the decree appealed from will be affirmed.

> *Decree affirmed, with costs to the appellees above and below.*