LOUISA GASSINGER ᴇᴛ ᴀʟ. *v.* CHARLES L. THILL-MAN ᴇᴛ ᴀʟ.

[No. 52, October Term, 1930.]

*Decided January 14th, 1931.*

The cause was argued before Bᴏɴᴅ, C. J., Pᴀᴛᴛsɪᴏɴ, Uʀɴᴇʀ, Aᴅᴋɪɴs, Oꜰꜰᴜᴛᴛ, Dɪɢɢᴇs, and Sʟᴏᴀɴ, JJ.

*Robert Biggs,* with whom were *Harry A. Kohlerman* and *Benjamin Kann* on the brief, for the appellants.

*Malcolm J. Coan,* for Adolph Gutberlet and Katherine Gutberlet, his wife, appellees.

*Charles P. Coady, Jr.,* and *John A. Farley,* for Clara Stocksdale and Cecilia Thillman, appellees.

*J. A. Dushane Penniman,* with whom were *J. Edward Adkins, Jr., Albert H. Blum,* and *Heimiller & Penniman,* on the brief, for William V. Gallagher, Pennsylvania Avenue Permanent Building & Loan Association, and Bernard Thillman, appellees.

URNER, J., delivered the opinion of the Court.

The decisive inquiry in this case is whether a power of testamentary disposition reserved in certain deeds was exercised by the grantor's previously executed will, which became operative at his death. The will was made on August 14th, 1925. After bequeathing $1,000 for religious objects, $500 to a grandson, and $1,000 for the benefit of a granddaughter and her children, the testator, Bernard Thillman, devised and bequeathed all the residue of the estate to his wife, Louisa Thillman, absolutely. The deeds were executed on August 21st, 1925, and were recorded a few days later. Each of the deeds, of which there were five, conveyed leasehold properties of the grantor, in Baltimore, to his wife for and during the term of her natural life, with specified remainders, subject to the reservation of a life estate in the grantor, with full power of disposition as to the entire title. It has been recently decided by this court that such a grant is valid and effective. *Beranek v. Caccimaici,* 157 Md. 144, 145 A. 369. The remainders under the various deeds were conveyed, respectively, to a son, daughter, or grandchild of the grantor, for whom no provision was made in his will. The power of disposition reserved to the grantor is defined in the habendum of each deed to be the "full power of sale and disposal in any manner whatsoever, including the power to lease, sublease, mortgage, convey or encumber in any manner, or sell or dispose of by deed, will or otherwise, the said power of sale and disposal being hereby intended to operate not only upon the life estate of the said Bernard Thillman but also upon the life estate of Louisa Thillman and also upon the remainder. * * *" A codicil to the grantor's will was executed on December 24th, 1925. It made a change in the executorship, but reaffirmed the will in other respects.

The testator died on September 21st, 1928, having survived his wife for a brief period.

It is provided by article 93, section 339, of the Code: "Every devise and bequest purporting to be of all real and personal property belonging to the testator shall be construed to include also all property over which he has a general power of appointment, unless the contrary intention shall appear in the will or codicil containing such devise or bequest."

The appellants unsuccessfully contended in the lower court that, by force of the quoted statutory provision, the properties described in the deeds referred to became vested upon his death in his predeceased wife's next of kin under the residuary clause of his will, and the statute against the lapsing of devises or bequests because of the death, in a testator's lifetime, of the devisee or legatee. Code, art. 93, sec. 335. It will be unnecessary to pass upon all the objections urged against the acceptance of that theory, as the one to be discussed in this opinion is conclusive.

The dominant rule in the construction of deeds or wills is to gratify the manifested purpose of the grantor or testator, unless its expression contravenes some positive principle of law or interpretation. It seems clear to us that the intention of the grantor in this case would be wholly defeated if his formal conveyances were held to be subservient to the will which he signed at an earlier date. The deeds reduced to a life interest the absolute estate bequeathed to the testator's wife in the leasehold properties which they described, and, as already noted, the interests in remainder were granted to issue for whom the will had made no provision. While a will speaks from the death of the testator, yet the terms of its exercise of the power of appointment are treated as though incorporated in the instrument by which the power is conferred. *Prince de Bearn v. Winans,* 111 Md. 434, 74 A. 626; *Schmidt v. Hinkley,* 115 Md. 330, 335, 80 A. 971; *Gambrill v. Gambrill,* 122 Md. 563, 89 A. 1094. If the existing will should be regarded as an exercise of the power reserved in the deeds, then the grantor must be presumed to have intended the deeds to be nugatory from the moment of their execution,

unless the general residuary clause of the will were subsequently altered or revoked. This would not be a reasonable assumption. If the grantor had understood that the effectiveness of the deeds would be dependent upon a future change or destruction of his will, it is hardly to be supposed that he would have resorted to the use of five elaborate conveyances for purposes which an alteration of his will could have accomplished. The design of the grantor that the deeds should supersede his will, as to the conveyed property, is so plainly apparent that we feel justified in basing our decision in the case upon the simple ground that his demonstrated intention should not be nullified upon the general theory that the will subsequently became operative when the testator died.

The decree appealed from will be affirmed, as it declared the deeds in question to be effective according to their terms.

*Decree affirmed, with costs.*

ADKINS, J., dissents.