WILLIAM W. MERWIN *v.* MARJORIE MOORE CARROLL, ET AL.

[No. 61, October Term, 1936.]

*Decided January 13th, 1937.*

The cause was argued before BOND, C.J., URNER, OF-FUTT, PARKE, MITCHELL, SHEHAN and JOHNSON, JJ.

*W. Ainsworth Parker,* with whom were *George Cochran Doub* and *Parker, Carey & Doub* on the brief, for the appellant.

*William R. Semans,* for William W. Merwin, Jr., and others, infant appellees.

348

*John M. Butler,* for the Safe Deposit & Trust Co., appellee.

URNER, J., delivered the opinion of the Court.

A declaration of trust, executed by William T. Walters in 1885, created a trust of certain securities for the benefit of his niece, Maria Louise Moore, during her life and in remainder to "such person or persons, in such shares and proportions, and upon and for such estates and interests" as should be appointed by her last will and testament. The trust has been administered by the Safe Deposit & Trust Company of Baltimore, in consequence of its designation for that purpose in the trust instrument. On April 21st, 1934, Maria Louise Moore died, leaving a will by which, after directing the payment of her debts and funeral expenses, she bequeathed $5,000 and some jewelery to her granddaughter, Marjorie Moore Carroll, $2,000 to each of her grandchildren, Robert Russell Merwin, Harry Walters Merwin and William Walters Merwin, Jr., and then made the following residuary devise and bequest: "All the rest, residue and remainder of my estate, real, personal and mixed, and wheresoever situate, I give, devise and bequeath to my daughter, Margaret R. Dickson, and my son William W. Merwin, share and share alike."

The estate of the testatrix was insufficient to pay the pecuniary legacies to her grandchildren in full. Those legacies, aggregating $11,000, would be paid only to the amount of $4,000, unless the deficiency may be supplied from the trust estate, amounting to $12,000, over which the testatrix had a power of testamentary disposition. While her will did not refer to the power, nor otherwise disclose an intention to exercise it (*Reeside v. Annex Building Assn.* 165 Md. 200, 167 A. 72), there is a statute which provides: "Every devise and bequest purporting to be of all real and personal property belonging to the testator shall be construed to include also all property over which he has a general power of appointment, unless the contrary intention shall appear in the will or

codicil containing such devise or bequest." Code, art. 93, sec. 339.

The pecuniary and the residuary legatees under the will of Maria Louise Moore agree that her power of appointment under her uncle's declaration of trust was exercised by her will, as affected by the quoted provision of the Code, but they differ in their theories as to how the trust estate should be applied. It is the view of the pecuniary legatees that the funds derived from the trust should be distributed to them in such amounts as may be needed to pay their respective legacies. The residuary legatees are of the opinion that they are entitled to all of the trust estate passing under the power of appointment. The appeal is from a decree which adopted the theory advocated by the pecuniary legatees, awarding to them so much of the trust estate as may be required to complete the payment of their legacies, and to the residuary legatees the balance of that estate.

In the will of Mrs. Moore there is no expression of an intention contrary to the effect imputed by section 339 of article 93 of the Code, and that enactment is therefore applicable if the will is within the statutory designation of "Every devise and bequest purporting to be of all real and personal property belonging to the testator." There is in this will no single provision under which all the property of the testatrix is intended to pass. The will as a whole operates upon the entire estate, but that is not the effect of any one of its several devises or bequests. The statute would have a very limited availability if it were designed to apply only to a "devise and bequest" which by itself purported "to be of all real and personal property belonging to the testator," and to be inapplicable to a will which fully disposed of the estate but only as the combined results of distinct provisions. In our opinion the statute does not have such a restricted meaning and purpose. According to our interpretation, it applies to wills containing devises or bequests which, considered together, purport to exhaust the testator's propery.

The will now under consideration is in that category. After the usual direction for the payment of debts, which was not a devise or bequest *(Balls v. Dampman,* 69 Md. 390, 394, 16 A. 16), the will makes pecuniary and residuary bequests by which the whole estate of the testatrix is appropriated.

It would not be consistent with the design of the statute to give the residuary clause above the benefit of the presumed intention of the testatrix to exercise her power to make testamentary disposition of the trust estate of which she was the beneficiary during her life. By the residuary clause the testatrix did not devise and bequeath all of her property, but only the portion remaining after the primary legacies were paid. The complete disposition of her estate was accomplished by the combination of pecuniary and residuary bequests.

With respect to the exercise of the power of appointment, the provisions of Mrs. Moore's will must be treated as if they were incorporated in the trust instrument by which the power was conferred. *Pope v. Safe Deposit & Trust Co.,* 163 Md. 239, 246, 161 A. 404; *Gambrill v. Gambrill,* 122 Md. 563, 89 A. 1094; *Graham v. Whitridge,* 99 Md. 248, 57 A. 609, 58 A. 36; *Miller, Construction of Wills,* sec. 260. But a will to which an execution of the power is attributed by the statute must contain devises and bequests which include all of the testator's estate. Neither the appellants nor the appellees are separately and exclusively entitled under such devises and bequests. The participation of both the pecuniary and residuary bequests is essential to the distribution of the estate in its entirety. This consideration was duly recognized by the decree now under review.

*Decree affirmed, costs to be paid out of the trust estate.*