JANE B. LEDERER *v.* SAFE DEPOSIT & TRUST
COMPANY OF BALTIMORE ET AL.

[No. 45, October Term, 1943.]

*Decided December 15, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, MELVIN, ADAMS, and BAILEY, JJ.

*George L. Clarke* and *J. Paul Schmidt,* with whom were *Weinberg & Green* on the brief, for the appellant.

*Randolph Barton, Jr.,* with whom was *F. Fulton Bramble* on the brief for the appellee, Safe Deposit and Trust Company.

*Simon E. Sobeloff,* with whom was *Bernard M. Goldstein* on the brief, for the appellee, C. Lehnert Hess, guardian, etc.

*Louis N. Frank* for the appellees, Beatrice B. Leitz, et al.

COLLINS, J., delivered the opinion of the Court.

Herman Bernheimer, on September 15, 1927, executed his last will and testament in which he gave and bequeathed to the Safe Deposit and Trust Company of Baltimore, trustee, $200,000 for each of his two children, Abraham Bernheimer and Beatrice B. Leitz, in trust for life on the condition that each child survive him. Upon the death of the children respectively, the trustee was to pay over and transfer the principal of the trust of the child so dying to such person, persons, corporation or corporations, and in such manner in trust or otherwise as the child so dying may, by will or codicil executed at any time after the death of the said Herman Bernheimer, appoint or direct, giving to each of Herman Bernheimer's children power to appoint or dis-

pose of by will or codicil all or any part of the principal of the said trust fund. In case either child failed to appoint or dispose of his or her trust fund, at his or her death, said principal was by the trustee to be paid over to the issue or descendants of the child so dying and if such child left no issue or descendants, then to the next of kin of the said Herman Bernheimer. It was also provided that these trusts should have preference and priority over all other bequests in his will.

He bequeathed to Alice Margaret Leitz, one of the daughters of his daughter, Beatrice B. Leitz, and to Nina M. Bernheimer, one of the daughters of his son, Abraham Bernheimer, each the sum of $15,000 in trust.

After numerous other bequests to individuals and charitable corporations, he devised in paragraph nine the rest and residue of his estate as follows: "All the rest and residue of my estate, real, personal and mixed of whatever kind and wherever situated, of which I may die seized and possessed, *or of which I may have any power to dispose by will,* I give, devise and bequeath to said Safe Deposit and Trust Company of Baltimore, trustee, and its successors in said trust, * * *." (Italics supplied.)

Herman Bernheimer executed a first codicil to his will on the same day making certain corrections as to some of the corporate beneficiaries and in all other respects reaffirmed and republished his said will and all the provisions thereof. On September 16, 1927, he executed a second codicil regarding the bond to be given by the executor and further stated: "In all other respects I reaffirm and republish my said will and the first codicil thereto and all the provisions of the said will and first codicil."

On August 30, 1928, he executed to the Safe Deposit and Trust Company a deed of trust of certain securities with the provision that the trustee pay out of the income of said trust $3,600 per annum to Fanny Miller, later Fanny Beck. The deed of trust further provided that upon the death of the said Fanny Miller Beck, the

trustee was to pay out of the corpus of the estate so created the sum of $5,000 to John B. Beck, her brother, or his next of kin. By the same instrument he provided: "All the rest and residue of said corpus shall be payable and transferable absolutely to the said Grantor if he is then living, but if he is not then living shall be, by said Trustee, paid over and transferred to such person or persons, corporation or corporations *as said Grantor may by will or codicil executed in accordance with the laws of the State of Maryland at any time on or after the date of this instrument direct or appoint.* Should said Grantor fail so to direct or appoint, either in whole or in part, all of said corpus not so validly appointed shall, upon the termination of the trust following the death of said Grantor, be paid over and transferred absolutely to the at the time surviving next of kin of said Grantor." (Italics supplied.)

On January 30, 1935, he executed a third codicil to his will in which he referred to the will of September 15, 1927, and the two previous codicils of September 15 and 16, 1927, and after bequeathing a legacy to a friend and providing for certain securities which he had turned over to his son, Abraham Bernheimer, to be used as collateral for a loan which his son was carrying, he stated in the fourth paragraph thereof: *"In all other respects I reaffirm and republish my said Will and the previous Codicils thereto and all the provisions of said Will and Codicils."* (Italics supplied.)

Herman Bernheimer died on August 6, 1936, leaving sufficient assets for each of the trusts created for his two children, Abraham Bernheimer and Beatrice B. Leitz, to make up a principal account of $177,041.50 for each trust. Each of said trusts was therefore short the sum of $22,958.50.

Fanny Miller Beck died on September 12, 1942, and the principal amount of the trust created for her benefit during life, after the payment of $5,000 to the children of John E. Beck, he having predeceased Fanny Miller Beck, was approximately $64,000.

Abraham Bernheimer died on July 22, 1940, leaving to his wife, Helen S. Bernheimer, if she survived him, the sum of $5,000; to his daughter, Nina M. Bernheimer, if she survived him, $5,000; and to his daughter, Jane B. Lederer, the child of the said Abraham Bernheimer and his divorced wife, $5,000, if she survived him. After various other bequests, he devised and bequeathed to the Safe Deposit and Trust Company of Baltimore, as trustee, all the rest and residue of his estate, including any and all interest which he had as beneficiary under the will of his father, Herman Bernheimer, in trust for the benefit of his widow, Helen S. Bernheimer, for life, thereafter for the benefit of his daughter, Nina M. Bernheimer, for life, remainder to her appointees, or if none then to her living issue, per stirpes, or if no issue then to said testator's own then living next of kin, per stirpes, exclusive of his daughter, Jane B. Lederer. The heirs at law of Abraham Bernheimer were his wife, Helen S. Bernheimer, and his two children, Nina M. Bernheimer and Jane B. Lederer. His sister, Beatrice B. Leitz, also survived him.

At the time of the execution of Herman Bernheimer's will, Abraham was married to his wife, Helen S. Bernheimer, and had one child by her, Nina, and a daughter, Jane, by his former wife. Beatrice B. Leitz, at the time of the execution of her father's will, had two children, namely: Alice and Frances.

Upon the death of Fanny Miller Beck, being undecided as to the proper disposition of the corpus of the trust fund of approximately $64,000, the Safe Deposit and Trust Company filed a bill of complaint in the Circuit Court of Baltimore City alleging in substance the facts above stated and asked proper disposition of said fund.

After answers filed by the necessary parties, the chancellor decreed, among other things, that the testator, by his third codicil, reaffirmed and republished his will and executed the power of appointment in the deed of trust and decreed that, out of the sum of approximately $64,000, the unpaid balances of $22,958.50 each should be

paid to the Safe Deposit and Trust Company, as trustee, to make up the general legacies of $200,000 to each of the trust estates for Abraham Bernheimer and Beatrice B. Leitz, with interest at the rate of six per cent. (6%) per annum from the date of Herman Bernheimer's death, and that the balance be devisable among the other legatees in the will of Herman Bernheimer.

Jane B. Lederer, the granddaughter of Herman Bernheimer and the daughter of Abraham Bernheimer, appeals from that decree and contends that the will of Herman Bernheimer, as republished by the third codicil, did not exercise the power of appointment reserved by the said Herman Bernheimer under the deed of trust and that, therefore, this sum of approximately $64,000 should revert to the next of kin of Herman Bernheimer. She being a granddaughter and one of the next of kin claims a one-fourth share in this fund.

The question for the decision of this court is: Does the will of Herman Bernheimer, dated September 15, 1927, as republished by the third codicil thereto, dated January 30, 1935, exercise the power of appointment reserved by the said Herman Bernheimer under the deed of trust executed by him on August 30, 1928?

It is a well-known general principle of law in this State that a codicil operates as a republication of the whole will so far as it is not revoked or altered by the codicil to include any alterations made before the date of the codicil and speaks from the date of the codicil. *Gilmer v. Aldridge*, 154 Md. 632, 637, 141 A. 377; *Bruton v. Smith*, 174 Md. 516, 520, 199 A. 517; *Syfer v. Dolby*, 182 Md. 139, 32 A. 2d 529; 68 *Corpus Juris*, p. 801, Sec. 576; *In re Greenberg's Estate*, 261 N. Y. 474, 185 N. E. 704; *Jarman on Wills*, 7th Ed., pp. 184, 185. As words of reaffirmance and republication were used in the codicil, an expressed intention to republish and reaffirm is indicated. In reaffirming and republishing his will in all other respects, he meant to ratify all such provisions of the will as were not plainly revoked or altered by the codicils. *Johns Hopkins University v.*

*Pinckney,* 55 Md. 365, 384. The will and codicils must be construed as one instrument, and effect must, if possible, be given to every part of them. *Fairfax v. Brown,* 60 Md. 50, 58; *Miller on Construction of Wills,* par. 61. The third codicil executed after the deed of trust given for the benefit of Fanny Miller Beck has the effect of republication of the will and the first two codicils as they were at the date of the third codicil. *Gilmer v. Aldridge, supra* (154 Md.) 637; 68 *Corpus Juris, Wills,* p. 868, Sec. 586. It was said in the case of *Taft v. Stearns,* 234 Mass. 273, 125 N. E. 570, 571: "This principle does not rest upon the presence in the codicil of technical words in terms affirming and republishing the original will, but upon the broader construction that the execution of an instrument denominated a codicil imports in the mind of the person executing the codicil the existence of a will which can be supplemented and modified, and that the reference in a codicil to a will implies the continuance or vivification of that writing as a vital testamentary disposition and the readoption or original declaration of its provisions." We must, therefore, necessarily find that the principal of the trust created for Fanny Miller Beck, after her death, was subject to the ninth paragraph of the will of Herman Bernheimer disposing of the rest and residue of his estate or any property of which he had power to dispose by will.

The question then presents itself whether the will, as republished, operated as a valid exercise of the power of appointment reserved in the deed of trust. The residuary clause, paragraph nine aforesaid, specifically by words includes all the rest and residue of real, personal and mixed property of whatever kind and wherever situated of which the testator may die seized and possessed or of which the testator had any power to dispose by will. The deed of trust specifically provides that, after the death of Fanny Miller Beck and the death of the grantor, the trustee shall pay the corpus over to the person or persons "as said Grantor may by will or codi-

cil executed in accordance with the laws of the State of Maryland at any time on or after the date of this instrument direct and appoint." Article 93, Section 345 of the 1939 Code provides: "Every devise and bequest purporting to be of real and personal property belonging to the testator shall be construed to include also all property over which he has a general power of appointment, unless the contrary intention shall appear in the will or codicil containing such devise or bequest." As the testator, under this power, could appoint as great an estate as he desired to anyone whom he might choose, including himself, the power of appointment was a general one. *Miller on Construction of Wills, supra,* par. 256; *Farwell, Powers,* pp. 8, 9; *Prince de Bearn v. Winans,* 111 Md. 434, 469, 74 A. 626; *Merwin v. Carroll,* 171 Md. 346, 188 A. 803. Therefore, by plain statutory provision, the power of appointment passed under the residuary clause of testator's will "unless the contrary intention shall appear in the will or codicil."

By the statutory enactment, the testator in the present case is presumed to have intended to have exercised the power unless a contrary intention appears in the will or codicils. *Cherbonnier v. Bussey,* 92 Md. 413, 425, 48 A. 923; *Merwin v. Carroll, supra* (171 Md.) 350; 91 A. L. R., pp. 448, 449; *Lockwood v. Milderberger,* 159 N. Y. 181, 53 N. E. 803. In the case of *Art Students' League of N. Y. v. Hinkley,* 31 F. 2d 469, 473, opinion by the U. S. District Court for the District of Maryland, affirmed by the Circuit Court of Appeals in 37 F. 2d 225, *certiorari* denied by the Supreme Court of the U. S. in 281 U. S. 733, 74 L. Ed. 1149, which was decided under the Maryland law, the court said in reference to Article 93, Section 345, *supra:* "But the rule as modified by statute is that the testator is presumed to have intended to have exercised the power, unless a contrary intention appears in the will itself."

What is there in the instant case to overcome the presumption that the testator intended to exercise the power? If the will shows an intention of the testator

not to exercise the power sufficient to overcome the presumption raised by the statute that he did intend to exercise it, that intention should control. This has been stated many times by this court. *Childs' Estate v. Hoagland* (1943), 181 Md. 550, 30 A. 2d 766, 769. The deed of trust does not eliminate the antecedent will as a medium for the exercise of the power, because that instrument provides by its express terms for the exercise by will or codicil, and, as hereinbefore set forth, the third codicil expressly reaffirms and republishes the will, and the two, with the other two codicils, become one instrument and speak from the date of the last codicil. The deed of trust creating the power of appointment, the will and codicils likewise become one instrument. *Prince de Bearn v. Winans, supra* (111 Md.) 470; *Schmidt v. Hinkley*, 115 Md. 330, 335, 80 A. 971. Where the language of the testator is plain and unambiguous, such language must govern. *Schapiro v. Howard*, 113 Md. 360, 78 A. 58, 61, 140 Am. St. Rep. 414. It was said in that case, quoting from *Walston's Lessee v. White*, 5 Md. 297: "The rule is this: Where the language of the testator is plain and unambiguous such language must govern, and therefore extrinsic evidence is inadmissible to show that he *meant* something different from what his language imports; in other words, the question in expounding a will is not what the testator *meant*, as distinguished from what his words express, but simply what is the meaning of his words."

Appellant stresses the case of *Gassinger v. Thillman*, 160 Md. 194, 153 A. 19, in which the court held that the power of appointment in the deeds was not exercised by a subsequent codicil. There are many distinguishing features between the Gassinger case, subsequently referred to as "that case," and the instant one, subsequently referred to as "this case." In that case the testator bequeathed money for religious objects, for a grandson and for the benefit of a granddaughter and her children, and then he devised and bequeathed all the residue of his estate to his wife, absolutely. One week later,

he executed five deeds of trust conveying certain property to his wife for life with specific remainders to a son, a daughter and grandchild for whom no provisions had been made in the will. In that case the remaindermen were distinctly named, and two of them were his own son and daughter. In this case the granddaughter, Jane, is not named in the will. The deeds in that case were executed for the purpose of specifically providing for the remaindermen, whereas in this case the deed of trust was primarily established to create an annuity for Mrs. Fanny Miller Beck. In that case there was no mention made of the disposition of the remainder by codicil while in this case disposition by codicil is specifically mentioned. In that case the court found that the design of the grantor that the deeds should supersede the will was so plainly apparent that it felt justified in basing the decision upon the simple ground that the demonstrated intention of the grantor and testator should not be nullified.

In the case now before this court, we find no such demonstrated intention on the part of Herman Bernheimer. He took care of his family when he bequeathed the two trust estates for the benefit of his only two children and gave them the power of appointment. The disinheriting of the appellant, except for the sum of $5,000, was the act of the father, Abraham Bernheimer, and not the act of the grandfather. As specifically stated in Herman Bernheimer's will, the two trusts for his son and daughter were to have preference and priority over all other bequests in the will. A reading of the record leads to the conclusion that the primary intention of the testator was the creation of these two trusts for his son and daughter. We find nothing to overcome the presumption that the testator intended to exercise the power. To hold with the contention of the appellant would deprive these two trusts of the necessary amounts to complete them, the completion of these trusts being the demonstrated intention of the testator throughout his will, reaffirmed after the execution of

the deed of trust creating the power. The words of the deed of trust, will and codicils, together with the presumption provided by the statute, are sufficient to convince this court that the will of Herman Bernheimer, dated September 15, 1927, as republished by the third codicil thereof, dated January 30, 1935, exercised the power of appointment reserved by the said Herman Bernheimer under the deed of trust executed by him on August 30, 1928. As none of the other parties to this case appealed from the decree, there is no other question to be decided.

> *Decree affirmed, costs to be paid from the fund.*