## BRUCE HAMER BERRET v. BESSIE MENDENHALL ALLEN

[No. 1128, September Term, 1979.]

*Decided May 9, 1980.*

The cause was argued before MASON, LISS and COUCH, JJ.

*Dwight E. Thomey,* with whom was *Walter M. Baker, P.A.* on the brief, for appellant.

No brief or appearance for appellee.

COUCH, J., delivered the opinion of the Court.

Bruce Hamer Berret and County Banking and Trust Company, appellants, appeal from an order of the Circuit Court for Cecil County denying them the right to mortgage or sell portions of a farm held in trust by the Bank for the benefit of Berret.

By a will executed in 1949 Nora B. Mendenhall, Berret's grandmother, bequeathed to Bruce Berret and his mother,

Bessie Mendenhall Allen, as joint tenants with right of survivorship, an 8.32 acre portion of the farm. The rest of the farm property was bequeathed to the legatees named in the residuary clause of the will, which provided:

> "Fourth: All the rest, residue and remainder of my said estate shall be distributed among my children in equal shares, who are Howard, Joseph, Lavinia, Mary, Bessie and the share to which Abe would have been entitled to, if he were living, I give to his children, Abe and Angeline."

In 1958 Nora B. Mendenhall, by codicil to her earlier will, provided:

> "After my decease my grandson, Bruce Hamer Berret, is to have the farm. . . . I want this as a trust . . . until Bruce reaches 45 (forty five) years old. . . .
>
> The farm taxes, upkeep of the farm, the homes, the debts are to be paid before the proceeds are paid to Bruce Hamer under the trust; otherwise, the farm would have to be sold. It cannot be sold without the approval of the trustee. Bruce Hamer is not to sell the silver, antiques, etc. . . . If the farm ever has to be sold before Bruce Hamer reaches the age of 45 the money is to be invested and Bruce Hamer is to have the interest until he becomes 45."

Bruce's mother was named trustee in the codicil. In 1959 Mrs. Mendenhall died. Subsequently, in 1963, a dispute arose between Bruce and his mother and this resulted in her replacement as trustee and the appointment of the County Banking and Trust Company in her stead by the Circuit Court for Cecil County. Bruce managed the farm until 1973 or 1974, when the trustee began an active role in the management. The record discloses that the farm has been unable to produce sufficient income to support Bruce and his family so that he has had to obtain a job off the farm. Because of his inability to mortgage or sell all or part of the farm, and in an effort to make the farm productive, Bruce has invested his own money to the extent of some forty

thousand dollars. Furthermore, the trustee is just about breaking even for its efforts.

In view of this situation Bruce and the trustee agreed upon a plan whereby a portion of the trust property would be developed as residential property, which would require the initial outlay of money for subdivision expenses and thus the need for a mortgage. The trustee, however, was unwilling to proceed without court approval, which precipitated the instant petition for such approval.[1] The chancellor, in denying the relief sought, stated in part:

> "The language of the will brings the court to conclude that the testatrix did not contemplate any voluntary sale of the farm during the trusteeship. ... Neither the Beneficiary nor the Trustee have any power to sell it. ... The Court is not persuaded from the testimony offered that the proposed alternative of selling some of the property with the inherent speculative risks in developing real estate is either in keeping with the wishes of the testatrix or that the Beneficiary would be proven to be any better off."

Finally, the chancellor refused to answer the question raised by appellants — whether the beneficiary had a fully vested interest. On appeal appellants argue:

> "I. Mr. Berret, as beneficiary of the Trust created by the codicil of Nora Bell Mendenhall, is entitled to a declaration and clarification of his status under said codicil.
>
> II. Mr. Berret's interest in the Trust property is fully vested.
>
> III. The Trustee was granted the power to sell the corpus of the Mendenhall Trust, either by express or by implied grant.

---

1. We note appellants named Bessie Mendenhall Allen, mother of Bruce, as defendant but no effort was ever made to serve her.

IV. The Trustee possesses the power to mortgage the corpus of the Trust."

We need only address the first argument, that the beneficiary of the trust is entitled to a declaration and clarification of his status under the codicil, to dispose of this appeal. Berret, in his petition, requested the court to declare his interest in the trust property as vested and that upon his arrival at age forty-five the trust property would vest in his possession. The chancellor, having denied the request to sell the property, deemed it unnecessary to address the question of Berret's interest in the corpus. We, however, believe that question to be critical to the chancellor's consideration of this matter.

In reviewing the record we have discovered a good bit of confusion as to the possibility that other persons, not named in the petition, have an interest in the present proceedings. The petition avers:

"3. It will be noted from the Will and the First Codicil thereto, that the said Bruce Hamer Berret is the tenant for years of said property until arrival at forty-five years of age. *Though the Will is silent, your Petitioner is of the opinion that the Testatrix intended that Bruce Hamer Berret would become the absolute owner of said property when he reaches forty-five years of age on April 7, 1983.*" [Emphasis added.]

The codicil does not dispose specifically of the remainder in the farm. While the codicil states that Berret "is to have the farm", which possibly could be construed as an absolute grant of the fee simple interest in the farm, that language is qualified by the next sentence, "I want this as a trust ... until Bruce reaches 45 (forty five) yrs. old." Two interpretations may be placed upon this language. Construing the will and codicil together as one instrument and giving meaning to every part of the will and codicil, *see Lederer v. Safe Dep. & Tr. Co. of Balto.*, 182 Md. 422, 35 A.2d 166 (1944); *Hutton v. Safe Dep. & Tr. Co. of Balto.*, 150 Md.

539, 133 A. 308 (1926), one could find that upon the termination of the trust when Berret reaches age forty-five the farm would then vest in the residuary legatees named in the will since it could be said that the residuary clause of the will is not clearly overridden by the terms of the codicil. A second interpretation is that a trust was created, and upon its termination appellant, Bruce Hamer Berret, is to take the fee simple interest in the farm. This interpretation conceivably could be based upon a finding that the provisions of the codicil are so inconsistent with the will that the two cannot stand together. *See Johns Hopkins University v. Pinckney,* 55 Md. 365 (1881).

We think it apparent that if the residuary clause disposes of the remainder, and the resolution of this issue is best left to the chancellor, then those persons who are named in it have a vital concern in appellant's request for a declaration of his rights in respect to the trust under *Md. Cts. & Jud. Proc. Code Ann.* § 3-408 (1980 Repl. Vol.). § 3-405 (a) (1) of the Courts and Judicial Proceedings Article provides: "If declaratory relief is sought, a person who has or claims any interest which would be affected by the declaration, shall be made a party." It has been held that in an action for a declaratory judgment, all persons interested in the declaration are necessary parties, *Maryland-National Capital Park & Planning Comm'n v. Washington Nat'l Arena,* 30 Md. App. 712, 354 A.2d 459 (1976), and in the instant case the persons named in the residuary clause of the will should be made parties. Accordingly, we shall remand so that those persons named in the residuary clause, if living, can be made parties to the present suit and the chancellor can completely determine the respective interests in the trust corpus.

We shall not address appellant's issues III and IV which concern the trustee's power to sell and encumber the trust corpus. A reading of the codicil clearly shows no express power given the trustee to either sell or encumber the corpus of the trust; at best this power may be implied. In our view the

resolution of the matters raised in these issues hinges upon an initial determination of the rights and interests of the residuary legatees *vis-a-vis* the rights and interests of the *cestui que* trust, Bruce Hamer Berret.

> *Decree vacated and case remanded for further proceedings consistent with this opinion.*
>
> *Costs to abide the result.*