609 A.2d 376

**J. Albert EYLER**

v.

**Joseph G. EYLER, et al.**

**No. 1812, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

July 14, 1992.

---

6. The circuit court made no finding as to Art Form regarding the sanctions.

William L. Haugh, Jr. (Janice B. Rockwell and Weinberg and Green, on the brief), Frederick, for appellant.

G. Randall Whittenberger (Miles & Stockbridge, on the brief), Frederick, for appellees.

Argued before MOYLAN, ROSALYN B. BELL and DAVIS, JJ.

MOYLAN, Judge.

The appellant, J. Albert Eyler, and the appellees, Joseph G. Eyler and J. Eugene Eyler, are brothers. In this case, they seek a determination as to the validity of certain agreements concerning an interest in a piece of real property that was owned by their late father, Joseph H. Eyler.

The parties' father died on November 22, 1988. Under the terms of his Last Will and Testament, he left the rest, residue, and remainder of his estate to his three sons, the appellant and the appellees, in various proportions. The Will provided that the appellant, J. Albert Eyler, was to receive 50 percent of the residue of the estate, the appellee Joseph G. Eyler was to receive 35 percent thereof, and the appellee J. Eugene Eyler was to receive 15 percent thereof. Part of this residue was an undivided one-third interest which the father owned, as a tenant in common, in a 17.5–acre piece of improved real property in Thurmont, in Frederick County.

Approximately nine days after his father's death, the appellant asked his two brothers to sign a document entitled "Agreement between the beneficiaries and heirs of the late Joseph H. Eyler." The agreement provided:

"We the undersigned agree as follows. Our late father had no interest or ownership in parcels of real estate located in Thurmont, Maryland described in a deed dated May 19, 1986 and recorded in book 1339 at page 666 among the land records of Frederick County Maryland. Containing 17.5 acres more or less, improved with a brick residential house, large barn and out buildings, utilized for the operation of the Eyler Stables. Even though said deed conveys ⅓ interest into Joseph H. Eyler. We further agree that J. Albert Eyler and Josephine H. Eyler, his wife, are sole and total owners of this real estate. We authorize the personal representatives of the estate of Joseph H. Eyler to execute a deed conveying any ownership or title in said parcels of real estate unto J. Albert Eyler and Josephine H. Eyler, his wife, without any payment or compensation unto the estate of Joseph H. Eyler; or we the undersigned, heirs and beneficiaries."

The agreement was signed by all three brothers and was then filed by the appellant in the Estate of Joseph H. Eyler and recorded among the Land Records of Frederick County.

The appellant and the appellee Joseph G. Eyler are the co-personal representatives of their father's estate. In Octo-

ber, 1989, the appellant asked Joseph to execute a deed conveying the property in question to him and his wife by reason of the agreement. Joseph refused to do so and challenged the validity of the agreement. When the two co-personal representatives were unable to agree on the final accounting and distribution of the estate, the appellant filed a petition with the Orphans' Court for Frederick County seeking an order compelling the appellees to sign the deed to the property in question or an order removing Joseph G. Eyler as a co-personal representative.

As a consequence, the appellees filed a complaint for declaratory judgment in the Circuit Court for Frederick County challenging the validity of the agreement and seeking to have the court declare the agreement invalid, null and void, and unenforceable. With their complaint, the appellees filed a motion for summary judgment accompanied by an affidavit of each appellee. The appellant filed an answer and an affidavit in opposition to the motion for summary judgment. Following a hearing, the motion for summary judgment was denied.

Meanwhile, the appellant filed a two-count counterclaim. In the first count, he sought to have the agreement declared a valid and legal disclaimer by the appellees of their interests in the property. In the second count, the appellant alleged that in July, 1982, he and his father entered into an oral agreement whereby he would receive fee simple title to the property upon his father's death. Pursuant to the agreement, the appellant was to pay to his father 10 percent of the net sale commissions for any sales held on the property. The appellant alleged that he paid these commissions to his father until his father's death and that he maintained and improved the property. He sought to have the court declare that this agreement too was valid and enforceable. He also sought to have the court order the personal representatives of the estate to execute a deed conveying his father's interest in the property to him and his wife.

The appellees filed another motion for summary judgment. Following a hearing, the circuit court granted summary judgment in favor of the appellees on the counterclaim and on the complaint. The court declared both the agreement between the appellant and the appellees and the alleged oral agreement between the appellant and his father to be invalid, null and void, and unenforceable. The court ordered that no disposition of any portion of the father's estate be made pursuant to either of these agreements. The appellant has filed this appeal.

■ On this appeal, the appellant contends that the circuit court order must be vacated because the appellees failed to join certain necessary parties. He contends that his wife, Josephine H. Eyler, and his and the appellees' heirs should have been joined in the action. While we are not persuaded that the heirs were necessary parties, we do agree that the appellant's wife has an interest which was affected by the proceedings and should have been made a party defendant.

Md.Cts. & Jud.Proc.Code Ann. § 3–405(a) (1991 Repl.Vol.) provides:

> *"Person who has or claims interest as party.*—(1) If declaratory relief is sought, a person who has or claims any interest which would be affected by the declaration, shall be made a party.

> (2) Except in a class action, the declaration may not prejudice the rights of any person not a party to the proceeding."

In addition, Md.Rule 2–211(a) requires, in pertinent part:

> **"Persons to be Joined.**—Except as otherwise provided by law, a person who is subject to service of process shall be joined as a party in the action if in the person's absence

> (1) complete relief cannot be accorded among those already parties, or

> (2) disposition of the action may impair or impede the person's ability to protect a claimed interest relating to

the subject of the action or may leave persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations by reason of the person's claimed interest."

In *Mahan v. Mahan*, 320 Md. 262, 272, 577 A.2d 70 (1990), the Court of Appeals said that the "primary purposes of the requirement that necessary parties be joined are 'to assure that a person's rights are not adjudicated unless that person has had his "day in court"' and, to prevent 'multiplicity of litigation by assuring a determination of the entire controversy in a single proceeding.'"

█ Josephine H. Eyler's interest in the property was unquestionably affected by a determination as to the validity of the agreement between the appellant and the appellees. The effect of the court's declaration that the agreement was invalid, null and void, and unenforceable was that Mrs. Eyler continued to own an undivided one-third interest in the property as a tenant in common. On the other hand, had the agreement between the appellant and the appellees been declared valid, Mrs. Eyler and her husband would have become sole owners of the property. Mrs. Eyler, therefore, had an interest in the proceedings and should have been made a party. *See Kelley v. Davis*, 233 Md. 494, 197 A.2d 230 (1964); *Saunders v. Roland Park Co.*, 174 Md. 188, 198 A. 269 (1938); *Berret v. Allen*, 45 Md.App. 544, 413 A.2d 1373 (1980). The failure to join a necessary party is a defect that was not waived by the appellant's failure to raise it at the trial level. *Mahan v. Mahan, supra* [320 Md.] at 273, 577 A.2d 70. Accordingly, the declaratory judgment must be vacated and the case remanded to the circuit court so that the appellees may file an amended complaint joining Josephine H. Eyler as a defendant.

In view of our disposition of this appeal, it is unnecessary to consider the appellant's remaining contentions concerning the propriety of the summary judgment.

JUDGMENT VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEES.